**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK** **CV13 - 3609** 

---------------------------------------------------------------------------

Gerald J. Burroughs X,

                  **Plaintiff,**              **COMPLAINT**

      **-against –**

                                 **JURY TRAIL DEMAND**

Administrative Law Judge Sheldon Dorn #074   **CV13-3609  1**
State of New York Department of Motor Vehicles
Queens North TVB,



POM Dmaine R. Freeland, Badge #941208,

State of New York Department of Motor Vehicles
Appeals Board,

New York City Police Department,         **ROSS, J.**

Associated Reporters International Inc.,    

                **Defendants,**     **BLOOM, M.J.**

---------------------------------------------------------------------------

1. **Parties in this complaint:**

    Plaintiff, Gerald J. Burroughs X,
    Presently reside at: 103-20 53rd. Avenue apt#1, Corona, New York 11368
    mailing address: 134-33 Blossom Avenue apt#2G,
    Flushing, New York, 11355
    (917)544-0363

    Defendant #1, Administrative Law Judge Sheldon Dorn #074,
    State of New York Department of Motor Vehicles
    Queens North TVB
    30-56 Whitestone Expressway
    Flushing, New York 11354-1947

    Defendant #2, POM Dmaine R. Freeland, badge#941208
    109th. Precinct
    37-07 Union Street
    Flushing, New York 11354
    (718)321-2250

Defendant #3, State of New York Department of Motor Vehicles Appeals Board
6 Empire State Plaza
P.O. Box 2935
Albany, New York 12220-0935
(518) 474-1052

Defendant #4, New York City Police Department
1 Police Plaza
New York, NY 10001
(646) 610-5000

Defendant #5, Associated Reporters International Inc.
P. O. Box 165, 213 Main Street
Massena, New York 13662
(315) 769-0322


2. **The basis for jurisdiction of the Court is invoked pursuant to: 42  U.S.C.  1983.**
                                                        **42  U.S.C.  1985.**
                                                        **18  U.S.C.  1621**


   **Federal Questions**

   **Violations of Constitutional and Civil Rights**


3.        That I, Plaintiff Gerald J. Burroughs X, respectfully request that this Court hear

   the Plaintiff's Complaints of violations of the Constitutional and Civil Rights, involving

   Discrimination, Denial of equal treatment, Denial of a Fair Trail, Perjury, Fraud,

   Abuse of Discretion, Abuse of Judicial Power, Conspiracy, Conspiracy to obstruct Justice,

   and Police misconduct.

        Upon information and belief that on June 22, 2011, I, the Plaintiff, Gerald J.

   Burroughs X, was a petitioner in a Article 78, Appeal Proceedings within the New York

State Supreme Court in a Article 78, before Justice Charles J. Markey, of the New York

State Supreme Court seeking the reversals of the two unfair and unjust guilty decisions,

the first being issued on April 22, 2010, by Defendant #1, Administrative Law Judge

Sheldon Dorn #074, of the Queens North Traffic Violations Court, and the second unjust

guilty decision was issued on October 29, 2010, by Defendant #3, State of New York

Department of Motor Vehicles Appeal Board, as a result of an illegal traffic stop and the

wrongful issuing of traffic violations summon #AAN8220295, for improper use of a cell-

phone issued on February 24, 2010, by an POM Dmaine R. Freeland badge #941208,

who committed the act of perjury by submitting false and fraudulent sworn testimony

during the April 22, 2010, Traffic Violations Court Proceedings, that was overturned by

New York State Supreme Court Justice Charles J. Markey, on June 22, 2011.


Upon information and belief that on April 22, 2010, even after submitting

overwhelming supporting evidence against the fraudulent and false sworn testimony of

Defendant #2, POM Dmaine R. Freeland, badge #941208, and traffic summon

#AAN8220295, I, the Plaintiff Gerald J. Burroughs X, was treated with indifference and

discriminated against, that my Civil Rights and Constitutional Rights  were violated due

to my Religious belief , Race and Dress Attire, by Defendant #1, Administrative Law

Judge Sheldon Dorn's #074, of the Queens North Traffic Violations Court, located at 30-

56 White Expressway, Flushing, New York 11354, decision to issue his unjust and unfair

guilty decision.

That the unjust, unfair and unequal treatment showed towards me, the Plaintiff, by Defendant #1, Administrative Law Judge Sheldon Dorn #074, has caused me, the Plaintiff, to suffer extreme emotional distress, to suffer psychological and physical anguish, to suffer with anxiety, depression, to suffer great financial lost and hardship, and to caused me, the Plaintiff, a innocent person of this traffic violation to temporary lose my faith in the Judicial system.

Upon information and belief that on February 24, 2010, I, the Plaintiff was a victim of an illegal profiling stop, and that during the April 22, 2010, Traffic Violations Court Proceedings, I, the Plaintiff, was the victim of the fraudulent and false sworn testimony submitted by Defendant #2, POM Dmaine R. Freeland badge #941208.

That I, the Plaintiff, believe Defendant #2's, actions are due in part to his training received from Defendant #4, the New York City Police Department's, and that of Defendant #4's, policies regarding the Islamic and African American Community here within the (5)five Boroughs and across State lines.

Upon information and belief that Defendant #2's, actions were in part for personal reasons, that he or a Family member lives right down the street from the former Mrs. Mary Elizabeth Burroughs, where he has been observed coming and going.

That Defendant #2's, actions on February 24, 2010, and during the April 22, 2010, Traffic Violations Court Proceedings has caused me, the Plaintiff, to suffer extreme emotional distress, psychological and physical anguish, fear, anxiety, depression, and a

great financial lost and hardship .

Upon information and belief that on October 29, 2010, even after I, the Plaintiff, submitted to Defendant #3, State of New York Department of Motor Vehicles Appeals Board the additional overwhelming supporting medical and other evidence from my Neurology Doctor, my Orthopedic Doctor, Rehab Occupational Therapy, MRI appointments, and my primary care Doctor, all of the James J. Peters VA Medical Center regarding my, the Plaintiff's injury and treatment of my left arm,  submitted true pictures of the color of said vehicle operated by me, the Plaintiff, on February 24, 2010, submitted a true copy of the vehicle's New York State registration and insurance card, submitted a true copy of the video showed during the April 22, 2010, Traffic Violations Court Proceedings, submitted to Defendant #3, the original affidavits of Miss Marie A. Gregory, the owner of said vehicle operated by Plaintiff, and the affidavit of Mr. Milton C. Washington, a family member and retired New York City Police Officer that I, the Plaintiff submitted during the April 22, 2010, Traffic Violations Court Proceedings to Defendant #1 , submitted to Defendant #3, the diagram showing the positions of Defendant #2's Police vehicle and that of the vehicle operated by me, the Plaintiff on February 24, 2010, as the telephone call came in through the Jupiter Jack Hands Free device and heard over the vehicle's speakers that was showed and submitted to Defendant #1, during the April 22, 2010, Traffic Violations Court Proceedings, submitted to Defendant #3, a true picture of my, the Plaintiff's main "Black telephone with the Jupiter Jack Hands Free device attached to it as it was on February 24, 2010, and the true picture of my "Silver audio tape recorder that was used to record the illegal

February 24, 2010, traffic stop showed and submitted to Defendant #1, during the April

22, 2010, Traffic Violations Court Proceedings, submitted true pictures of my, the

Plaintiff's other two "Black telephones not used which were within the vehicle during

this illegal traffic stop and submitted to Defendant #1, during the April 22, 2010, Traffic

Violations Court Proceedings, submitted to Defendant #3, true copies of my AT&T

contracts for these telephones, submitted to Defendant #3, a true copy of my AT&T

telephone bill showing the time and date in question of the incoming telephone call on

February 24, 2010, submitted to Defendant #3, a true copy the vehicle's history and

Service information supplied by Major Chrysler Jeep Dodge and a picture showing the

vehicle's color "golden Tan/Gold not "Gray as testified to by Defendant #2, POM Dmaine

R. Freeland badge #941208, submitted to Defendant #3, the true Jupiter Jack Hands Free

device instructions showed and submitted to defendant #1, during the April 22, 2010,

Traffic Violations Court Proceedings, against the fraudulent and false sworn testimony of

Defendant #2, POM Dmaine R. Freeland, badge #941208, to Defendant #3, the State of

New York Department Motor vehicles Appeal Board, I, the Plaintiff, became the victim

of Defendant #3, actions to deny and refuse me, the Plaintiff true Justice by granting me

the Just reversal of Defendant #1, Administrative Law Judge Sheldon Dorn's #074,

unjust, unfair and discriminatory guilty decision of April 22, 2010.

That I, the Plaintiff, became the victim of Defendant #3, part in this conspiracy

to obstruct Justice and Abuse of Judicial Power committed by Defendant #3, the State of

New York Department of Motor Vehicles Appeals Board, located at 6 Empire State Plaza,

P.O. Box 2935, Albany, New York 12220-0935.

That Defendant #3, the New York State Department of Motor Vehicles Appeals Board, decision not to follow or obey the June 22, 2011, Decision And Order, issued by Justice Charles J. Markey, of the New York State Supreme Court, over the past (2)two years, to repay fees paid by me, the Plaintiff, together with all surcharges, interest calculated, late fees, and other fees paid, that this unjust action and that of the October 29, 2010, action taken has caused me, the Plaintiff to suffer great financial lost and hardship, great distress, to suffer with anxiety, and to suffer mental and physical anguish.

Upon information and belief that it is the training and policies of Defendant #4, the New York City Police Department, towards the Islamic and African American Communities, that Defendant #2, POM Dmaine R. Freeland badge #941208, received from Defendant #4, the New York City Police Department, was a mayor contributing factor in Defendant #2, actions towards me, the Plaintiff on February 24, 2010, and in part during the April 22, 2010, Traffic Violations Court Proceedings.

That these policies and training given to the New York City Police Officers from Defendant #4, the New York City Police Department, regarding and towards the Islamic and African American Communities has caused me, the Plaintiff, to suffer extreme emotional distress, Fear for my life, safety and wellbeing, to suffer from anxiety and depression, and causing great financial lost and hardship. to me,

Upon information and belief that Defendant #5, Associated Reporters International Inc, committed the acts of fraud, criminal deception, conspiracy and obstruction of Justice by willfully and deliberately withholding the clearly spoken

statements repeated three times by Defendant #2, POM Dmaine R. Freeland badge

#941208, within his false and fraudulent sworn testimony, statements that I, the

Plaintiff was holding a"Silver telephone in my left hand, that I, the Plaintiff was talking

on a "Silver telephone up to my left ear, within my left hand, and remarks made by

Defendant #1, from both the original and re-audited transcript of the April 22, 2010,

Traffic Violations Court Proceedings, conspiring with Defendant #1 and #3, to obstruct

Justice, and to deny equal and true Justice to me, the Plaintiff.

That this action taken by Defendant #5, Associated Reporters International Inc,

has caused me, the Plaintiff to suffer extreme emotional distress, to suffer mental and

physical anguish, anxiety, depression and a great financial lost and hardship.

Upon information and belief on February 24, 2010, I, the Plaintiff Gerald J.

Burroughs X, was proceeding Eastbound on Roosevelt Avenue, within Flushing, New

York, in the County of Queens, at approximately 8:36pm, as I, the Plaintiff, waited at the

red traffic light to make a right turn onto Main Street, heading Southbound to pick up

my lady, Ms. Marie Gregory-Mattison from her place of employment within the

Flushing Main Street Post Office, I, the Plaintiff, was located right beside a New York

City blue/white Police vehicle parked on the Southside of Roosevelt Avenue, facing

Eastbound and operated by one Officer, Defendant #2, POM Dmaine R. Freeland,

badge#941208.

**Refer to Exhibit B1, a true copy of the diagram showing the vehicles positions of Defendant
#2, and of the vehicle operated by me, the Plaintiff on February 24, 2010,
which was submitted to Defendant #1, and # 4.**

That on February 24, 2010, while waiting at the Main Street traffic light, I, the Plaintiff, received a emergency telephone call at approximately 8:36 -38pm from Ms. Marie Gregory-Mattison, the owner of said vehicles operated by the Plaintiff on the day in question.

**Refer to Exhibit C2, a true copy of the AT&T telephone bill for February 24, 2010.**

That I, the Plaintiff, then picked up the telephone approximately one/two inches out of the cup holder with my right hand, leaving the wheel free for a moment, because I, the Plaintiff, couldn't lift or raise my left arm to hold the wheel, so I then turned on the Jupiter Jack Hands Free device switch on my telephone, then I replaced my telephone back into the cup holder, right next to my silver tape recorder, then switched the radio to the preprogrammed station 99.3.

**Refer to Exhibit B, a true copy of the February 24, 2010, actions and steps taken video.**

That at approximately 8:37pm, the call and telephone conversation came through the vehicle's speakers system, that the windows of said vehicle operated by the Plaintiff were open some, as Ms. Marie Gregory-Mattison, attempted to informed me, the Plaintiff, that her father, Mr. Milton Washington was back in the hospital.

**Refer to Exhibit C2, a true copy of the Plaintiff's AT&T telephone bill for February 24, 2010.**

That I, the Plaintiff, did not hear her, Ms. Marie Gregory-Mattison, clearly and mistakenly understood her to say, her Father was dead, and in an exciting and stressful voice, I said, "What"!!

**Refer to Exhibit B, a true copy of the February 24, 2010, action and steps taken video.**

That I, the Plaintiff, told Ms. Marie Grogory-Mattison, to wait a minute, let me turn up the radio volume, which allowed Defendant #2, POM Dmaine R. Freeland, badge #941208, and everyone else crossing the street, to hear that I, the Plaintiff was engaged in a telephone conversation.

**Refer to Exhibit B, a true copy of the February 24, 2010, action and steps taken video.**

That Ms. Marie Gregory-Mattison, restated that her Father was in the hospital and requested that I, the Plaintiff, hurry up and be on time.

That I, the Plaintiff, informed her that I would be there within four to five minutes.

That Defendant #2, POM Dmaine R. Freeland's Police unit was parked on Roosevelt Avenue, approximately 25-30 feet from Main Street, and his vehicle was only a few feet from the vehicle I, the Plaintiff was operating while waiting at the Main street red traffic light.

That the Main Street traffic light turned green and I, the Plaintiff, made the right turn into Main Street, proceeding South towards Kissena Boulevard.

That at all times hereinafter mentioned, I, the Plaintiff, Gerald J. Burroughs X, was the operator of the said vehicle bearing New York State registration number EJE-5590.

**Refer to Exhibit A3, true picture of the vehicle with a true copy of it's New York State vehicle registration and insurance card.**

That at all time hereinafter mentioned, the Plaintiff, was stopped at the traffic light to the Kissena Boulevard intersection from Main Street, awaiting to proceed onto Kissena Boulevard, in the County of Queens, City and State of New York, were and still are Public Streets and thoroughfares.

That on February 24, 2010, at approximately 8:41pm, the Plaintiff, was lawfully and property driving and operating said motor vehicle at aforesaid location, when I notice a Police vehicle with its' lights on and with no sirens about a half a block back, between 40th. Road and Roosevelt Avenue, but on Main Street, traveling down Main Street at a high rate of speed.

That I, the Plaintiff, first thought and wondered to myself what happen now, and wondering where this Police vehicle was going, that I, the Plaintiff, then notice the Police vehicle was making it's way through traffic heading towards my direction and was about to pull behind me with his light on as I was stopped at the red traffic light heading onto Kissena Boulevard from Main Street.

That my, the Plaintiff's first though and reaction was fear for my safely, due to all the five years incidents of my Family members, friends and myself, the Plaintiff being harass, being stalked, being stopped and issued unjust traffic summons, and being terrorized by members of Defendant #4, the New York City Police Department behind the illicit (7)plus years affair between my former spouse, Mary Elizabeth Burroughs with another member of the New York City Police Department, that this stop caused me fear of the unknown of being stopped for no reason, that I, the Plaintiff, knew I did not

committed any crime, nor did I brake any traffic Laws, and I, the Plaintiff was very concerned at this point.

That at approximately 8:43pm, the traffic light turned green and I, the Plaintiff pulled the vehicle over to the right side of the street, within the bus stop beside the Flushing Public Library, turned off the vehicle, turned down the radio, and placed my "silver tape recorder on the left side of the vehicle's dashboard just as the Officer, Defendant #2, POM Dmaine R. Freeland badge #941208, reached the driver side window.

That Defendant #2, POM Dmaine R. Freeland badge #941208, watched as I, the Plaintiff, turned on my silver tape recorder, then I, asked him, excuse me, why are you stopping me?

**Refer to Exhibit B6, a true copy of February 24, 2010, conversation between Defendant #2, and I, the Plaintiff.**

That Defendant #2, first would not answer me or respond to my question, he just stood there looking at the recorder, so I, the Plaintiff repeated the question to him once again, why are you stopping me?

That Defendant #2, POM Dmaine R. Freeland badge #941208, asked me, the Plaintiff, does this vehicle belong to you?

That I, the Plaintiff responded saying, no it does not.

That Defendant #2, repeated his question once again, asking me, the Plaintiff,

does this vehicle belong to you?

That I, the Plaintiff, responded no, it's not mines, I'm going to pick her up now, she's around the corner at the Post Office,

That I, the Plaintiff asked Defendant #2, POM Dmaine R. Freeland badge #941208, once again, why are you stopping me?

That Defendant #2, then asked me, the Plaintiff, if I had a license?

That I, the Plaintiff responded saying yes I do, then I went inside of my wallet to retrieve my driver's license, then I handed my driver's license to Defendant #2, POM Dmaine R. Freeland.

That Defendant #2, POM Dmaine R. Freeland badge #941208, stated I'm stopping you because you were on the phone at 41st. Avenue.

That I, the Plaintiff asked Defendant #2, POM Dmaine R. Freeland badge #941208, did he see a phone in my hand?

That I, the Plaintiff went on to say, yeah I was talking, but I wasn't on the phone with it in my hand.

That Defendant #2, told me, the Plaintiff, just wait a minute, he then returned to his vehicle.

That Defendant #2, returned to the vehicle I, the Plaintiff was sitting within and had been operating, some eight/ten minutes later, and handed me the issued traffic violations summon #AAN8220295, for improper use of cell phone.

See Exhibit A1, a true copy of the traffic summon #AAN8220295.

That I, the Plaintiff, took the summon #AAN8220295, and proceeded to pick up Ms. Marie Gregory-Mattison, from around the corner at her place of employment within the Flushing Post Office, approximately at 8:50pm to 8;55pm.

That Ms. Marie Gregory-Mattison had gotten out a few minutes earlier so we could go see about her father, Mr. Milton C. Washington, who had been hospitalize for heart problem once again.

That Ms. Marie Gregory-Mattison, and myself the Plaintiff, later would create the action taken video on what occurred and transpired during this February 24,2010, illegal traffic stop, showing how the Jupiter Jack Hands Free Device was used earlier and it's operational system for the telephone.

That the next day, February 25, 2010, I, the Plaintiff went to the State of New York department of Motor Vehicles, Queens North, located at 30-56 Whitestone Expressway, whitestone, New York, with the traffic summon #AAN8220295, and the prepared video in hand in hope of seeing a Judge regarding this summons and concerning this stop of being illegal in nature.

That I, the Plaintiff, was informed that I had to wait for a notice to appear in Court comes in the mail with a date, then I also was given instructions by a employee of the DMV, how to fill out the summons if I, the Plaintiff was pleading not guilty, to sign the summons and mail it to the address on the back.

That on about March 25, 2010, I received a notice informing me of the April 22, 2010, Traffic Violation Court Hearing date within the Queens North TVB, located at 30-

56 Whitestone Expressway regarding summons #AAN8220295.

Upon information and belief, that on April 22, 2010, I, the Plaintiff, would be the third person to come before Defendant #1, Administrative Law Judge Sheldon Dorn #074, regarding receiving a traffic summon issued by Defendant#2 POM Dmaine R. Freeland, badge#941208, and the second person that had been issued a traffic violations summons for improper use of a cell-phone.

That the first person to be called before Defendant #1 Administrative Law Judge Sheldon Dorn #074, was a young Hispanic woman, who had been issued the same type of traffic violations summon as I, the Plaintiff, by Defendant #2 POM Dmaine R. Freeland, badge#941208, for improper use of a cell-phone while operating a vehicle.

That this young Hispanic woman was accompany by a male Hispanic friend, who stated he was there to translate for her during these proceedings.

That Defendant #1, Administrative Law Judge Sheldon Dorn, through her translator informed the young lady that she was charged with improper use of a cell-phone while operating a vehicle.

That after the swearing in of both this young lady charged with improper use of a cell-phone and Defendant #2, POM Dmaine R. Freeland badge #941208.

That Defendant #1, Administrative Law Judge Sheldon Dorn, would instruct Defendant #2, POM Dmaine R. Freeland, explain why he issued her this traffic summon.

*16*

That Defendant #2, POM Dmaine R. Freeland, badge #941208, stated that he observed this young lady drive by him talking on the telephone and when he pulled her over, she still was talking on the telephone.

That Defendant #1, Administrative Law Judge Sheldon Dorn, through this young Hispanic lady's translator, ask her how do she plead?

That this young lady, responded guilty.

**That Defendant #1, Administrative Law Judge Sheldon Dorn, through her translator, informed this young lady that he would dismissing her traffic summon for improper use of a cell-phone, then telling her to have a good day.**

That the second person to be called before Defendant #1, Administrative Law Judge Sheldon Dorn, was a Asian male, who had been issued a traffic summon by Defendant #2, POM Dmaine R. Freeland, badge #941208, accused of operating a vehicle without seatbelt, that came before the Court accompany by his girlfriend, who offered no testimony regarding the stop.

That after the swearing in of both this Asian American male charged with operating a vehicle without seatbelt and Defendant #2, POM Dmaine R. Freeland, badge #941208, Administrative Law Judge Sheldon Dorn, would instruct Defendant #2, POM Dmaine R. Freeland, to explain why he issued him this traffic summon.

That Defendant #2, POM Dmaine R. Freeland, badge #941208, stated he observed this young man drive by him without his seatbelt on, and  when he pulled him

over, he still didn't have on his seatbelt.

That Defendant #1, Administrative Law Judge Sheldon Dorn, would ask this young man, how do plead?

That this young Asian male responded, that he plead guilty with an explanation, then stated that he had just pulled away from a parking spot and forgot to put on his seatbelt.

**That Defendant #1, Administrative Law Judge Sheldon Dorn, informed this young man, that he was dismissing the ticket and that he could go.**

That at approximately 2:45pm in the afternoon I, the Plaintiff, Gerald J. Burroughs X, would be called before Defendant #1, Administrative Law Judge Sheldon Dorn, regarding traffic summons #AAN8220295, wrongfully issued on February 24, 2010, by Defendant #2, POM Dmaine R. Freeland, badge #941208, during an illegal traffic stop, with personal reasons associated with this stop.

That during this Traffic Violations Court Proceedings on April 22, 2010, Defendant #2, POM Dmaine R. Freeland, badge #941208, would commit the act of Perjury by submitting and given fraudulent and false sworn testimony regarding the following below:

A. Gave false sworn testimony regarding his reasons for this stop.

B. Gave false sworn testimony regarding the description/color of the vehicle, I, the

Plaintiff was operating, as being gray.

C. Gave false sworn testimony that he, Defendant #2, "observed me, the Plaintiff, talking on a Silver telephone.

D. Gave false sworn testimony that he, Defendant #2, "witness the motorist, me, the Plaintiff, talking on a "Silver telephone at 8:45pm".

E. Gave false sworn testimony that I, the Plaintiff was traveling Southbound on Main Street, when he first observed me.

F. Gave false sworn testimony stating that he, Defendant #2, "I asked the motorist was he aware of the reason of the stop, at which time he, said to me no".

G. Gave false sworn testimony stating that he, Defendant #2, "I let the motorist know I did observe him with a silver cell-phone in his left hand to his left ear".

H. Gave false sworn testimony stating that he, Defendant #2, "I asked the motorist for his New York State drivers license".

I. Gave false sworn testimony stating that he, Defendant #2, "at which time, the motorist didn't give me any spontaneous response, therefore, I issued the summon #AAN8220295, for illegally using the cell-phone at the intersection of Main Street and Kissena Boulevard".

J. Gave false sworn testimony that he, Defendant #2, "never questioned me, the

Plaintiff, regarding ownership of the vehicle I, the Plaintiff, was operating.

**K.** Gave false sworn testimony that he, Defendant #2, "never stated to me, the Plaintiff,

that, "you were on the phone at 41st. Avenue".

**L.** Gave false sworn testimony that he, Defendant #2, didn't see me, the Plaintiff, place

my silver tape recorder on the left side of the vehicles' dashboard to record the

conversation of this February 24, 2010, illegal stop.

**Refer to the supporting Exhibits against the above false sworn testimony of Defendant #2,**
**POM Dmaine R. Freeland badge #941208,  Exhibit A2, A3, A4,**
**A5, A6, B, B1, B3, B4, B6, B7, C2,C6, C7,C8,C9, C10, and C11.**

**That once before Defendant #1, Administrative Law Judge Sheldon Dorn #074,**

**the following would occur:**

**Judge Dorn,** would ask Defendant #2, POM Dmaine R. Freeland, badge #941208, do he swear to

tell the truth?

**POM Freeland,** responded, I do, your Honor.

**Judge Dorn,** would state, Mr. Burroughs you're charged with talking on a cell-phone while

driving February 24, 2010.

**Judge Dorn,** would ask me, the Plaintiff, how do you plead, guilty or not guilty?

**I, the Plaintiff,** responded, Not guilty, your Honor.

**Judge Dorn,** would ask me, the Plaintiff,  are you ready to proceed today?

**I, the Plaintiff,** responded, Yes I am, your Honor.

**Judge Dorn,** would ask me, the Plaintiff, do you have any witnesses with you today?

**I, the Plaintiff,** responded, I have an affidavit from a retired New York city Police Officer, and a

affidavit from his daughter the owner of the vehicle I was operating, informing

the court that the vehicle had a hands Free system.

I went on to say, Mr. Washington couldn't be present today, due to a heart

condition and just being released from the hospital, and his daughter had to

work today, she just returned from vacation, and couldn't be present today.

**See supporting Exhibits- B3 and B4,**

**Judge Dorn,** would ask me, the Plaintiff, are you presenting any witnesses, sir?

**I, the Plaintiff,** responded, I'm submitting these affidavits, this video recording and a recording.

**See Supporting Exhibit- B and B6.**

**Judge Dorn,** stated, affidavits are not witnesses.

Then he asked me, do I swear to tell the truth?

**Judge Dorn,** Then asked Defendant #2, POM DMaine R. Freeland, to describe what happen and

why you issued him the summons?

**POM Freeland,** Defendant #2, state on the date in question, February 24, 2010, at 8:45pm, I

was sitting parked on Roosevelt Avenue, some 20-25 feet from the Main the

traffic light, working my tour looking for motorist in violations of seatbelts and

talking on the cell-phone while driving.

POM Freeland, Defendant #2, would on to say, "it was a clear night and with no obstructions of

my view, " when I observed him within a Gray 2002 Jeep, talking on a silver

telephone with his left hand".

See supporting Exhibits- A3, A4, A5 and A6.

POM Freeland, Defendant #2, **would falsely state**, without losing sight of the vehicle, I pursued

the vehicle, pulling him over at the intersection of Main Street and Kissena

Boulevard.

POM Freeland, Defendant #2, **would then falsely state,** after pulling over the vehicle, I asked

the motorist if he had a valid New York State drivers license, at which time he

produced a valid South Carolina drivers license.

Refer to supporting Exhibits- B1 and B6.

POM Freeland, Defendant #2, **would falsely state,**" I asked the motorist was he aware of the

reason for the stop, at which time he, said to me no".

Refer to supporting Exhibit-B6.

 POM Freeland, Defendant #3, **would falsely go on to say,** "I let the motorist know I did

observe him with a Silver cell-phone in his left hand, to his  left ear".

Refer to supporting Exhibit- A5, A6, B and B6.

POM Freeland, Defendant #2, **would go on and falsely state, "**I asked the motorist for his New

York State drivers license".

Refer to supporting Exhibit-B6.

I, the Plaintiff, would point out to Judge Dorn, how loud the telephone conversation came out

the vehicle's speaker, that the windows were open, then saying to Judge Dorn,

that as you can see, the Jupiter Jack Hands-Free instructions recommends you sit

your telephone in the cup holder, and that I, the Plaintiff, had my telephone

sitting in the cup holder, not my left hand, that my telephone is "Black", and as

you can see, what the Jupiter Jack recommends, my phone was never in my

hand.

I, the Plaintiff, went on to say, it's my recorder a silver thing, the only silver thing in the car, like

I said, I recorded the conversation of the stop.

Judge Dorn, Defendant #1, **with an attitude would say,** Okay, I'm just going to tell you one

thing here, your testimony is that the Jupiter Jack system is something that permits

you not to answer the phone while holding the phone.

Judge Dorn, Defenedant #1, would go on to say,"**At the same time, you always have that**

**Option".   "So whether you did or didn't is still an open question".     "You did**

**have the means, at least this testifies to your having the means not to do that".**

Judge Dorn, Defendant #1, would then say, Please continue.

I, the Plaintiff, stated, I didn't pick up the phone to my ear, I didn't do that, I can show you

actually, I can show you here, {pointing to the Web page}, about how it

operates.

I, the Plaintiff, continued on then saying," it states on the back, how to go to the Web site to

get it on the computer, the last page on their Web site, is how

you have to get the information, and how to operate it.

**(Defendant #1, then would play and look at Exhibit- B, the video recording)**

**I, the Plaintiff,** remember informing and saying to Defendant #1, that was recorded about a

hour/half to a couple of hours after the incident.

**Judge Dorn,** Defendant #1, would ask me, the Plaintiff, "this is Ms. Gregory"?

**I, the Plaintiff,** responded, Yes, that's showing you the Jupiter Jack working during the stop,

that would pick up.      She worked around the corner from where he pulled me

over at.      And, that's showing, that my phone being called, as you can see, it's

sitting in the cup holder, If you turn the volume of the radio up, the volume of

the phone call comes in loud.

**Judge Dorn,** was examining the video we made of the steps and actions I, the Plaintiff, took

during the stop.

**I, the Plaintiff,** spoke out saying, my windows were open, I passed him as he was parked on

Roosevelt and Main Street about twenty-five feet from Main Street, but on

Roosevelt.

**I, the Plaintiff,** went on to say, my windows were opened, both windows were open, because it

was a nice night and I was right next to him.

**Judge Dorn,** Defendant #1, said, "Do you want me to listen to this or to you, Sir"?

**I, the Plaintiff,** would respond saying, Okay, Sorry.

**Judge Dorn,** Defendant #1, would ask me, the Plaintiff, "is this going to show me anything that

occurred at the time

**I, the Plaintiff,** remember saying, No, but it has all the steps that I took during the stop.

**Judge Dorn,** Defendant #1, would say, I mean, "I'm not disputing that you have a system that

could enable you not to have to use your hands, many cars are accepted with

devices like bluetub to pick up the phone, Sir.

**I, the Plaintiff,** remember saying, the Officer, Defendant #2, said he saw me with my phone, he

heard me talking, I never had the phone in my hand.     He did hear me on the

phone through the system, but like I said, he was parked right next to me, as the

diagram shows you, he was parked right there, like I stated earlier.    He was

parked at Main and Roosevelt, on Roosevelt, about twenty-five feet from the

corner.

**Refer to supporting Exhibits- B and B1.**

**I, the Plaintiff,** went on to say, I was making the right turn to go to Main Street, at first when I

reached Main Street and Kissena Boulevard, when he the Defendant #2, POM

Dmaine R. Freeland badge #941208, first approached me, I said, why are you

stopping me,    I, the Plaintiff, would ask him, Defendant #2, POM Dmaine R.

Freeland badge #941208, why are you stopping me, Officer?

**Refer to supporting Exhibit- B6.**

**I, the Plaintiff,** went on to say, Defendant #2, POM Dmaine R. Freeland, wouldn't respond at

first, then he asked me, the Plaintiff, if this vehicle belong to you.

**Refer to supporting Exhibit-B6.**

**I, the Plaintiff,** then turning towards Defendant #2, POM Dmaine R. Freeland, then asking

him, "Isn't that correct, Officer?"

**POM Freeland,** Defendant #2, responded saying, I don't recall.

**I, the Plaintiff,** would say, Okay, and went to said, "No, it doesn't, and he, the Defendant #2.

POM Dmaine R. Freeland, asked me again, "Does this vehicle belong to you?", I

said , "No, it doesn't, " I said, I'm going to pick her up from the Post Office right

now." that he, the Defendant #2, asked me, the Plaintiff, "Do you have a driver's

license?"

**I, the Plaintiff,** then asked Defendant #2, " Now can you tell me why have you stopped me"?

**Refer to supporting Exhibit-B6.**

**POM Freeland,** Defendant #2, said, "Because I observed you on 41st. Avenue talking on the

phone."

**Refer to supporting Exhibit-B6.**

**I, the Plaintiff,** using the diagram I went on to point out to Defendant #1, Administrative Law

Judge Sheldon Dorn #074, and say,   "And as you can see from the second page,

on 41st.Avenue, it's two blocks away, and I was just at the 40th.road 41st. Avenue

is at the light where I was at, where it switches off to Kissena Boulevard, right.

**Refer to supporting Exhibit- B1.**

**26**

**Judge Dorn,** Defendant #1, would say and ask me, the Plaintiff, right.

**I, the Plaintiff,** remember responding saying, Kissena and Main street.

**Judge Dorn,** Defendant #1, **seem to get upset that I, the Plaintiff was attempting to point out**

> **the truth and facts on what happen, and would say, "That's what he's talking**
> **about,    "That's what he's talking about".**

**I, the Plaintiff,** responded saying, Yeah, but when he heard me talking, when he heard me on

> the phone, I was right beside him, through the speaker he heard, right beside
>
> him, I got upset because I, the Plaintiff, thought she, Ms. Marie Gregory-
>
> Mattison, said her Father was dead.    And he was right beside me on Main and
>
> Roosevelt, and I was a little loud, turned up the speaker, never had the phone in
>
> my hand.

**I, the Plaintiff,** went on to say, "As far as silver, my phone is Black", "As far as silver, that is

> when walked up to my car, I put the silver recorder on the left side of the
>
> dashboard and cut it on, and proceeded to ask him, the Defendant #2, POM
>
> Dmaine R. Freeland, the questions, why was he stopping me, and which he, the
>
> Defendant, Freeland, wouldn't answer me after asking him twice.

> **Administrative Law Judge Sheldon Dorn #074, seem to get more upset and said,**
>
> **"He's not required to answer your questions, he doesn't have to give you a reason, nor**
>
> **to be under cross-examination by you at stop".    "The place for discussing and**
>
> **arguing is right here, right now".**

That I, the Plaintiff, Gerald J. Burroughs X, remember saying, I'm not trying to, or going to argue.

**Administrative Law Judge Sheldon Dorn #074, went on to say, "Not on the roadway".**

That I, the Plaintiff, Gerald J. Burroughs X, went on to say and inform Judge Dorn #074, I'm a studying paralegal.

**Administrative Law Judge Sheldon Dorn #074, would say, "Oh Yeah".**

That I, the Plaintiff, responded saying, I'm not trying to argue with you Sir.

**Administrative Law Judge Sheldon Dorn #074, went on to say, "Yeah, But that's where you do that, but you don't question him!**

That I, the Plaintiff, went on to say, I'm just trying to explain my story and what happen.

**Administrative Law Judge Sheldon Dorn #074, said, "You seem to indicate that he was obligated to respond,  He's not.**

Administrative Law Judge Sheldon Dorn #074, would look over the video and Jupiter Jack Web pages more, then.

**FURTHER EXAMINATION OF/ Defendant, POM Dmaine R. Freeland badge #941208.**

Administrative Sheldon Dorn #074, would then ask Defendant #2, POM Dmaine R. Freeland badge #941208, "Officer, does any of this sound framilar"?

That the Defendant #2, POM Dmaine R. Freeland badge # 941208, would smile, laugh, then turn towards the other Officers waiting in the Court room, then responding saying, "No, it doesn't, Your Honor.

Administrative Law Judge Sheldon Dorn #074, would say, "Okay, Can I see your hard copy, please?

That the Defendant, POM Dmaine R. Freeland badge #941208, would say, It's there, as I indicated on the back, my location, I was at Main Street and Kissena Boulevard.

Administrative Law Judge Sheldon Dorn #074, would say, "Left hand, Left ear.

That the Defendant, POM Dmaine R. Freeland badge #941208, would say, "And the bottom, it says South Carolina on the License.

Administrative Law Judge Sheldon Dorn #074, would say and ask, the Defendant, POM Dmaine R. Freeland badge #941208, "Yeah, Did the motorist offer to show you his cell phone at any time?

That the Defendant, POM Dmaine R. Freeland badge #941208, would falsely state, "No, your Honor.

That I, the Plaintiff, Gerald J. Burroughs X, would speak out, saying Yes I did!

**Administrative Law Judge Sheldon Dorn #074, would said, "Okay, At this point,**

**I'm going to conclude the proceeding.**

**FURTHER EXAMINATION OF/ Plaintiff, Gerald J. Burroughs X,**

That I, the Plaintiff, would then attempt to play the recorded conversation of this

February 24, 2010, illegal stop.

**That Administrative Law Judge Sheldon Dorn #074, seem to get more upset and**

**would say, "What are you doing, Sir?**

That I, the Plaintiff, Gerald J. Burroughs X, would respond saying, "I'm going

to play the conversation at the stop.

**Administrative Law Judge Sheldon Dorn #074, would ask me, the Plaintiff, "Is**

**there anything relevant to that"?     "I'm just asking, is there anything relevant**

**information on this tape to this case"?**

That I, the Plaintiff, Gerald J. Burroughs X, do remember saying, "Well, I mean

you can hear it for yourself!

That I, the Plaintiff, remember Administrative Law Judge Sheldon Dorn #074,

asking me, the Plaintiff, **"relevant to the stop, and to this proceeding"?**

That I, the Plaintiff, Gerald J. Burroughs X, remember answering, Yes, as far him stating I was at 41st. Avenue, why I was being stopped and far as him asking if the vehicle belong to me.

That I, the Plaintiff, remember Administrative Law Judge Sheldon Dorn #074, asking me, in this recording is there time when you offered to show him your telephone in the stop?

That I, the Plaintiff, do remember saying, far as me showing him the phone, no, I didn't because I had the phone in the cup holder.

**That I, the Plaintiff, do remember Administrative Law Judge Sheldon Dorn #074, asking me, do I have it on the recording and saying Oh, you have it that he showed you the phone, that you showed him the phone"?          Then saying, Play it.**

That I, the Plaintiff, Gerald J. Burroughs X, do remember saying, No, I told him I wasn't on the phone, no, I didn't show him the phone, he didn't ask to see it.

**That I, the Plaintiff, do remember Administrative Law Judge Sheldon Dorn #074, would ask me, the Plaintiff, did you offered to show it?**

That I, the Plaintiff, remember responding, I asked him, the Defendant, POM Dmaine R. Freeland badge #941208, did he see me with a phone in my hand, and I told him I was not on the phone in my hand.    That I, offered to show him the Jupiter Jack.

That I, the Plaintiff, Gerald J. Burroughs X, do remember Administrative Law Judge Sheldon Dorn #074, saying, "If that's on there, I want to hear it".

That I, the Plaintiff, do remember responding and saying, he didn't say to me I had or that he saw me with a silver phone, he didn't want to hear it, he just walked back to his car and gave me the ticket.

That I, the Plaintiff, Gerald J. Burroughs X, do remember Administrative Law Judge Sheldon Dorn #074, saying, " Sir, I want to hear it, if that's on there, play it.

( That I, the Plaintiff, Gerald J. Burroughs X, do remember becoming frustrated with myself that the batteries within my recorder were low, and that I, the Plaintiff, did not remember at the time, that a few days earlier I had removed the tape recording of February 24, 2010, from my recorder because my grandchild was playing around with my recorder, and I couldn't locate the conversation at the time. )

That I, the Plaintiff, responded saying, It's not on there, that part not on there.

That I, the Plaintiff, Gerald J. Burroughs X, do remember Administrative Law Judge Sheldon Dorn #074, saying to me," Play what you have on there, let me see what you have".

( That I, the Plaintiff, continue to attempt to play the tape, rewinding and attempting to locate the conversation of February 24th, 2010.)

That I, the Plaintiff, Gerald J. Burroughs X, remember, Administrative Law Judge Sheldon Dorn #074, went on to say," Well, let's try it this way, Mr. Burroughs, if that part is not on there, is there any reason why that would not be on there with the other elements you claim are on there, of a conversation with the Officer?

That I, the Plaintiff, Gerald J. Burroughs X, do remember responding, Well, I mean the tape stopped, and because he walked back to his car after the fact, that he wouldn't answer me until the second time I asked him, why was he stopping me and asked me for my license, I gave him my license and he walked back to his car.

That I, the Plaintiff, do remember Administrative Law Judge Sheldon Dorn #074, saying, "But your testimony is that you offered to show him the phone.

That I, the Plaintiff, do remember responding, No.

That I, the Plaintiff, do remember Administrative Law Judge Sheldon Dorn #074, asking me, "Why would that not be on there"?

That I, the Plaintiff, do remember responding, No. I didn't offer to show him the phone.   I told him, the Defendant, POM Dmaine R. Freeland badge #941208, I was not on the phone, I said, My phone is here in my cup compartment.   I have a Jupiter jack, and he just took the license and walked back to his car.

That I, the Plaintiff, Gerald J. Burroughs X, do remember Administrative Law Judge Sheldon Dorn #074, asking me and saying, Okay, you told him that, and asking

is that on the recording?

That I, the Plaintiff, do remember saying, "I'm trying to find that, Your Honor". (Then holding up my silver tape recorder) and saying," and this is the only thing that's silver, my phone is black".

( A attempt to play the recording was made – and- Off the record discussion)

Administrative Law Judge Sheldon Dorn #074, would then say," Anything else you wanted to say, Officer?

That the Defendant, POM Dmaine R. Freeland badge # 074, did respond, "No, Your Honor.

That I, the Plaintiff, do remember, Administrative Law Judge Sheldon Dorn #074, would say, "Okay, At this point, I'm going to conclude the proceeding.     I can't put myself at this time and location, but I tend to believe what the Officer's telling me, simply because not to believe it, Mr. Burroughs, I would have to believe he pulled you over for  no reason whatsoever.      And I don't believe he did that".

That I, the Plaintiff, Gerald J. Burroughs X responded saying,""HE DID".

That Administrative Law Judge Sheldon Dorn #074, would go on to say, " I have no evidence (that support your claim),it's (No)direct evidence indicating that, in fact, you were using the device.    I have no doubt that you have that device in the vehicle.

Two people are attesting to it, in addition to yourself, many cars do have Bluetooth technology, and they're able to converse without holding a phone to their ear.

However, all those systems allow a motorist, if he so wishes, to hold the phone to his ear and operate it that way.    And that's the type of situation that an Officer would be able to observe.      Otherwise he wouldn't see anything in the vehicle.

That I, the Plaintiff, remember saying, Yes, but that's not what happen, and asking can I say something, Your Honor?

Administrative Law Judge Sheldon Dorn #074, said, Yeah, sure.

That I, the Plaintiff, Gerald J. Burroughs X, would say, "Left Hand, He's on the right side, parked to me, my telephone is black, (Showing my telephone once again to Judge Dorn #074) and say, it's not silver.     It's my recorder, the only silver thing is when I put this device up, (Showing my silver recorder to Judge Dorn #074 once again), and saying, like it showed in the video, up there, to record the conversation of the stop.

Administrative Law Judge Sheldon Dorn #074, would say, Uh-huh. Okay,  At this point, I'm going to conclude.              I find the motorist is Guilty, the Officer has met his burden by clean and convincing evidence.        Find you guilty, Sir.

Minimum fine, fifty, plus the surcharges.        Total's a hundred thirty,   two weeks to pay that.          Go see the cashier right outside.          Thank you.

That I, the Plaintiff, Gerald J. Burroughs X, would ask Judge Dorn, "And to appeal this, what do I have to do"?

**Administrative Law Judge Sheldon Dorn #074, responded saying, "Ask the cashier for the appeal forms.**

**That Administrative Law Judge Sheldon Dorn #074, went on to say, just make sure you submit it within thirty days.**

That I, the Plaintiff, Gerald J. Burroughs X, remember saying, "And I would like to have his information".

**That Administrative Law Judge Sheldon Dorn #074, said, His what?**

That I, the Plaintiff, remember asking, Is it on the ticket?  The badge number, the precinct.

**That Administrative Law Judge Sheldon Dorn #074, went on to say, "There's a tape, and you're going to, basically, arrange for the tape to be delivered to the appeals board.**

That I, the Plaintiff, remember saying, Okay, no, no, I'm talking about his shield number and everything, that's on the ticket.

**Administrative Law Judge Sheldon Dorn #074, went on to say, "Well, you're going to have to get that information, it's on the ticket, yeah.**

That I, the Plaintiff, Gerald J. Burroughs X, remember saying, Okay, I'm sorry.

**That Administrative Law Judge Sheldon Dorn #074, went on to say, "It's going to be available to you, Okay, Thank you.**

That I, the Plaintiff, said, thank you, but left this Proceedings knowing that I had been lied on, and had my Rights violated by POM Dmaine R. Freeland badge #941208, as well as feeling victimize and violated by Administrative Law Judge Sheldon Dorn #074, because of my Race, Religion, and the lies told by Defendant, POM Dmaine R. Freeland.

**( The Hearing Concluded.)**

**That as I, the Plaintiff was leaving the Courtroom Defendant #2, POM Dmaine R. Freeland badge #941208, would smile, then start back to texting someone on his phone as he watching me leave out.**

That I, the Plaintiff, Gerald J. Burroughs X, went to the cashier's desk and requested an appeal form, and requesting to know what Precinct Defendant, POM Dmaine R. Freeland badge #941208, was assigned too, and I was informed the 109th. Precinct.

That on April 22, 2010, after leaving the State of New York Department of Motor Vehicles, I the Plaintiff, went directly to the 109th. Precinct and reaching there approximately at 3:35pm, requesting to see the Community Affairs Officer and informing the Officer at the desk, that I wanted to file a CCRB complaint against a Officer.

That I, the Plaintiff, Gerald J. Burroughs X, was told to have a sit within a waiting room to the right, and that someone would get to me soon.

That after some ten to fifteen minutes later, I was approached by an African American female Police Sergeant, who informed me that the Community Affairs Officer was not in at the time, and asked if there's something she could help me with.

That I, the Plaintiff, Gerald J. Burroughs X, asked this Sergeant, when would the Community Affairs Officer be in?          Which she, the Sergeant replied tomorrow morning.

That I, informed her that I still wanted to file a complaint.

That this Sergeant would ask me, the Plaintiff, what is the Officer's name and what is problem?

That I, the Plaintiff, informed her that is name was Officer Freeland, and that he had stopped me for no reason, other than because of my race and religion and issued me a wrongful traffic Summons and just lied about it in Court.

That she, this Sergeant said, "I know Officer Freeland, and that doesn't seem to be something he would do".

That I, the Plaintiff, Gerald J. Burroughs X, responded saying, "Why, because he's Black?

**38**

That I, went on to say, "African Americans discriminate against one another in all walks of life every day, and as you can see I'm Islamic ".

That this Officer would then say, I need to make a copy of your driver's license to proceed with taking your CCRB complaint.

That I, asked why is that?        And went on to say, since when does a person have to supply a copy of their driver's license in order to file a CCRB complaint, I never heard of that before.

That I, the Plaintiff, informed this Sergeant that I would wait and come back tomorrow.

**That once I, the Plaintiff, Gerald J. Burroughs X, reached home, I sat down and began to write down all I remembered that had occurred during the Traffic Court Hearing earlier, and what had just happen at the 109th. Precinct.**

**That I decided not to return to the 109th. Precinct and to call the Civilian Complaint Review Board to file my complaint against Defendant #2, POM Dmaine R. Freeland badge #941208.**

That later on April 22, 2010, approximately at 5:05pm, I, the Plaintiff, Gerald J. Burroughs X, would call the Civilian Complaint Review Board at (212) 442-8833, and filed my complaint against the Defendant, POM Dmaine R. Freeland badge #941208.

That on April 26, 2010, since I, the Plaintiff, Gerald J. Burroughs X, didn't hear anything back from the Civilian Complaint Review Board, regarding my April 22, 2010, call, I, the Plaintiff, would pay a friend to transport me to the office of Civilian Complaint Review Board, located at 40 Rector Street, 2nd floor, New York, NY 10006, to file the complaint against Defendant, POM Dmaine R. Freeland badge # 941208.

I am submitting a copy of my April 26, 2010, visitor's pass to the Civilian Complaint Review Board.

**Refer to Exhibit- A2**

That on May 03, 2010, I, the Plaintiff, Gerald J. Burroughs X, had an appointment to be seen at the Neurology Clinic within the James J. Peters VA Medical Center, located at 130 West Kingsbridge Road, Bronx, New York 10468, regarding medical issues dealing with my back, Neck, left arm and shoulder that I was unable move or lift for months, which at the time it was believed that the Plaintiff, Gerald J. Burroughs X, had sustain tears within the left shoulder and rotator cuff.

That during this visit, my Neurology physician, Dr. M. Cluck, would supply me with the medical treatment update letter dated May 03, 2010,

I am submitting a copy of this May 03, 2010, Neurology update medical report as supporting evidence against Defendant, POM Dmaine R. Freeland's, badge #941208, false testimony regarding the Plaintiff's, use of his left hand.

**Marked as Exhibit-C8**

That on May 03, 2010, while I, the Plaintiff, was still within the James J. Peters VA

Medical Center, I visited my Orthopedic physician to request an update medical report,

which stated the Plaintiff, Gerald J. Burroughs X, was referred to our Orthopedic Clinic

on February 01, 2010, for left shoulder and bilateral knee pain.   His pain is being

managed with steroid injections; as he has received such injections in our outpatient

Clinic on February 19, 2010, and March 09, 2010.   He has been referred to

Occupational Therapy for further evaluation and treatment of his pain causing

condition.   Feel free to contact our Clinic for additional information as needed, dated

May 04, 2010.

I am submitting copy of this May 04, 2010, Orthopedic Clinic update Medical report

letter, as supporting evidence against Defendant, POM Dmaine R. Freeland's, badge

#941208, false testimony regarding the Plaintiff's use of his left hand.

**Marked as Exhibit- C8**


That I, the Plaintiff, Gerald J. Burroughs X, also requested and was supplied with a

printout of future medical treatment within the James J. Peters VA Medical Center, of

the Plaintiff's, left shoulder-(Torn rotator cuff), that consist of appointments within the

Rehab Occupational Therapy Clinic on May 04, 2010, May 06, 2010, May 11, 2010, May

13, 2010, May 18, 2010, May 20, 2010, a May 20, 2010, appointment within the

Magnetic Resonance Clinic, a May 25, 2010, appointment within the Rehab Ahmed

Clinic, and a June 21, 2010 follow up appointment at the Queens Outpatient VA

Medical Clinic with Dr. Kleinman.

I am submitting a copy of this May 05, 2010, appointment printout, as supporting evidence against the Defendant #2, POM Dmaine R. Freeland's false testimony and lies regarding the use of the Plaintiff's left hand.

**Marked as Exhibit- C10**

That later on May 03, 2010, after returning to Queens, I, the Plaintiff, Gerald J. Burroughs X, went to the Flushing Main Street Post Office to purchase the money order for one hundred thirty Dollars, which was U.S. Postal money order #17962145866, for payment of Summons #AAN8220295.

**Marked as Exhibit-B7+**

That on May 04, 2010, I, the Plaintiff, Gerald J. Burroughs X, received physical therapy treatment of the left arm and shoulder within the occupational therapy clinic, within the James J. Peters VA Medical Center, located at 130 West Kingsbridge Road, Bronx, New York, 10468.

I am submitting a copy this physical therapy appointments, as supporting evidence against Defendant #2, POM Dmaine R. Freeland's, badge #941208, false testimony and Summons #AAN8220295.

**Marked as Exhibit- C10**

That later on May 04, 2010, after returning back to Queens, I, the Plaintiff, Gerald J. Burroughs X, went to the Flushing Main Street Post Office to purchase the ten dollar

money order needed to file the appeal of Summons #AAN8220295, which was paid for

with U. S. Postal Money Order # 18023229123.

**Refer to Exhibit 00C**

That on May 06, 2010, approximately at 10:03am, I, the Plaintiff, Gerald J.

Burroughs X, returned to the State of New York Department of Motor vehicles, Queens

North TVB, located at 30-56 Whitestone Expressway, Flushing, New York 11354-1947,

to pay the hundred thirty dollars for Summons #AAN8220295, with the U. S. Postal

money order #17962145886.

I am submitting a copy of the State of New York Department of Motor Vehicles

payment receipt for Summons #AAN8220295, and of the U.S. Postal money order.

**Refer to Exhibit B7+**

That later on May 06, 2010, approximately at 11:24am, after getting home, I the

Plaintiff, Gerald J. Burroughs X, called the State of New York Department of Motor

Vehicles Appeals Board at (518) 474-1052, inquiring about filling out the appeal form

and acquiring a copy of the April 22, 2010, Court transcript.

**I was informed that I, the Plaintiff, would have to mail in the ten dollar money order**

**and check off the box marked, I want to appeal the guilty verdict and/or penalty with**

**a transcript review, and fill out the back of the form, explaining why I'm not guilty.**

I am submitting a copy of my AT&T phone bill, pages #1,& 6, of the billing cycle

05/05/2010 – 06/04/2010, as evidence of this call to the State of New York Department

of Motor Vehicles Appeals Board.

**Refer to Exhibit – 20+,**

That on May 13, 2010, approximately at 11:16am, I, the Plaintiff, Gerald J.

Burroughs X, would again call the State of New York Department of Motor Vehicles

Appeals Board at (518) 474-1052, to inquire how much time I, the Plaintiff had to

submit my appeal form and supporting evidence against Summons #AAN8220295, and

what address should I put on the appeal form, since I am in New York, not in South

Carolina at this time.

**I was informed that I, would first have to mail off the appeal form in with whatever**

**address here in New York that the Appeal Board to reach you at, then you'll have to**

**wait for the Appeals Board to send you the information on receiving the transcript**

**before you can mail in whatever evidence to be reviewed.**

I am submitting a copy of my AT&T telephone bill page #8, billing cycle for 05/05/2010 –

06/04/2010, as evidence of this call to the State of New York Department of Motor

Vehicles Appeals Board.

**Refer to Exhibit –20+,**

That on May 13, 2010, approximately at 11:35am, I, the Plaintiff, Gerald J.

Burroughs X, would call the New York City Comptroller Office, at (212) 669-3589, in

a attempt to get information on filling a lawsuit against Defendant, POM Dmaine R.

Freeland badge #941208, and the New York City Police Department

44

That a few minutes later on May 13, 2010, approximately at 11:41am, I, the Plaintiff, Gerald J. Burroughs X, would once again attempt to reach someone within the New York City Comptroller Office, at (212) 669-3995, regarding filling a Notice of Claim against Defendant, POM Dmaine R. Freeland badge #941208, and to inquire about another Notice of Claim.

I am submitting a copy of my AT&T telephone bill, page #8, billing cycle 05/05/2010 – 06/04/2010, as evidence of this call to the New York City Comptroller Office.

**Refer to Exhibit –20+,**

That later on May 13, 2010, approximately at 11:47am, I, the Plaintiff, Gerald J. Burroughs X, would call the Civilian Complaint Review Board, to inquire on the status of my complaint against Defendant, POM Dmaine R. Freeland badge #941208.

**I was informed that my complaint had been transferred to the Office of the Chief of Department (OCD) of the New York City Police Department to investigate.**

I am submitting a copy of the letter received from Civilian Complaint Review Board, dated May 13, 2010, which was received on about May 15, 2010.

**Marked as Exhibit-A2**

That on May 13, 2010, at 1:30pm, I, the Plaintiff, Gerald J. Burroughs X, had a schedule appointment at the Occupational therapy clinic, within the James J. Peters VA Medical Center, for follow up treatment of the Plaintiff's left shoulder.

**Refer to Exhibits – C10**

      That later on May 13, 2010, I, the Plaintiff, Gerald J. Burroughs X, would be informed by the MRI clinic within the James J. Peters VA Medical Center, located at 130 Kingsbridge Road, Bronx, New York, that I had been schedule for the MRI of my left shoulder on May 20, 2010, at 11:30am.

I am submitting a copy of this appointment as supporting evidence against Defendant, POM Dmaine R. Freeland's false testimony of Plaintiff's use of left hand.

**Supported by Exhibit-C13**

      That on May 15, 2010, I, the Plaintiff, Gerald J. Burroughs X, would prepare my affidavit of Supporting Documents and Evidence for Appeal, that supported my innocence against Defendant, POM Dmaine R. Freeland's, false testimony, to be sent to the State of New York Department of Motor Vehicles Appeals Board.

I am submitting a copy of this Notarized May 15, 2010, Affidavit of Supporting Documents and Evidence for Appeal package.

**Supported by Exhibit- C**

      That on May 17, 2010, approximately at 1:04pm, I, the Plaintiff, Gerald J. Burroughs X, would once again call the State of New York Department of Motor Vehicles Appeals Board, at (518) 474-1052, to inform them, the Appeal Board that I, the Plaintiff, would be mailing out my appeal form the next day, that my lateness in doing so was due to medical issues.

I am submitting a copy of my AT&T telephone bill, page#10, billing cycle 05/05/2010 –

06/04/2010, as supporting evidence of this May 17, 2010, call to the State of New York

Department of Motor Vehicles Appeal Board.

**Refer to Exhibit –20+,**

      That on May 18, 2010, approximately at 9:46am, I, the Plaintiff, Gerald J.

Burroughs X, called the State of New York Department of Motor Vehicles Appeals

Board, at (518) 474-1052, inquiring if it would be a good idea to sent in pictures of the

vehicle, the vehicle's New York State registration,  the Affidavits of Mr. Washington and

Ms. Gregory-Mattison that I submitted at the April 22, 2010 Court Proceedings, my

AT&T telephone bill for February 24, 2010, pictures of my telephones, the video I, the

Plaintiff submitted during the April 22, 2010 Court Proceedings of my action taken

during the February 24, 2010 stop, and my VA Medical reports pertaining to my left

shoulder.

      **That this female employee of the State of New York Department of Motor**

**Vehicles Appeals Board, "stated she, really couldn't give me legal advice or tell me**

**what to sent, but that I, the Plaintiff should in anything and everything that would**

**support my claim of innocence of the Summons".**

I am submitting a copy of my AT&T telephone bill page #10, billing cycle 05/05/2010 –

06/04/2010, as supporting evidence of this May 18, 2010, call to the State of New York

Department of Motor Vehicles Appeals Board.

**Refer to Exhibit –20+,**

That later on May 18, 2010, approximately at 6:07pm, I, the Plaintiff, Gerald J.

Burroughs X, mailed out the Appeal form and the ten dollar U. S. Postal Money Order #

18023229123, to State of New York Department of Motor Vehicles Appeals Board,

addressed to, DMV APPEALS BOARD, Appeals Processing Unit, P.O. Box 2935, Albany,

New York 12220-0935.

**Marked as Exhibits-00C**

That on about May 20, 2010, I, the Plaintiff, Gerald J. Burroughs X, would mail out

the SUPPORTING DOCUMENTS AND EVIDENCE FOR APPEAL package, with Exhibits A-

thru-N, to the State of New York Department of Motor Vehicles Appeals Board,

consisting of the May 15, 2010, letter of Supporting Documents and Evidence For

Appeal, (A)- a picture of the vehicle I, the Plaintiff, Gerald J. Burroughs X, was operating

on February 24, 2010 the night in question, with the vehicle's registration and

insurance information, (B)- a true copy of my AT&T telephone bill for the billing cycle of

02/05/2010 – 03/04/2010, (C)- a true photo print of my, the Plaintiff's telephone

equipped with the Jupiter Jack as it was on the night in question February 24, 2010,

and a picture of my "Silver Audio Tape Recorder, which I, the Plaintiff, used on that

February 24, 2010, to record this illegal stop, (D)- a true photo print of my, the

Plaintiff's other two telephones with the three AT&T contacts for my phones, (E)- the

May 04, 2010, Medical report letter supplied by the Orthopedic Clinic within the James

J. Peters VA Medical Center regarding treatment for my left arm and shoulder, (F)- the

May 03, 2010, Medical report letter supplied by the Neurology Clinic within the James J.

Peters VA Medical Center regarding treatment of my left arm and shoulder, (G)- the

48

May 03, 2010, Medical treatment Notes and letter consisting of six pages supplied by

the Occupational Therapy Clinic within the James J. Peters VA Medical Center regarding

treatment for my left arm and shoulder, (G1)- a true copy of the May 03, 2010,

appointments printout for treatment of what was believed to be a Torn Rotator Cuff

within my left shoulder supplied by the James J. Peters VA, (G2)- a true copy of the May

25, 2010, appointments printout for treatment of the Plaintiff's left arm and shoulder

supplied by the James J. Peters VA, (H)- the May 13, 2010, appointment letter to have a

MRI on the left shoulder, supplied by the James J. Peters VA Medical Center, (I)- a true

copy the created February 24, video of action taken during this illegal stop, (J)- the

original April 10, 2010, Affidavit of the vehicle's owner, Ms. Marie Gregory-Mattison,

and the original April 20, 2010, Affidavit of Mr. Milton C. Washington, a retired New

York City Police Officer, (L & L1)- the original diagrams of the position of the Plaintiff's

vehicle and the Defendant, POM Dmaine R. Freeland 's Police vehicle on February 24,

2010, (M)- and the sworn Affidavit of the Plaintiff, Gerald J. Burroughs X , of what

occurred on that night in question February 24, 2010.

**Marked as Exhibit-C**


That later on May 20, 2010, I, the Plaintiff, Gerald J. Burroughs X, would travel to

the Major Chrysler Jeep Dodge Dealer, located at 44-01 Northern Boulevard, Long

Island City, NY 11101-1021, and request a Dealer's VIP Summary Report, for the

vehicles owned by Ms. Marie Gregory-Mattison, which was operated by me, the

Plaintiff, on February 24, 2010, to inform the State of New York Department of Motor

Vehicles Appeals Board as to the vehicle's color.

**Refer to Exhibit – C18,**

That on May 22, 2010, approximately at 4:16pm, I the Plaintiff, Gerald J.

Burroughs X, would mail out by certified mail the May 22, 2010, ADDITIONAL

SUPPORTING EVIDENCE AGAINST SUMMONS# AAN8220295, to the DMV Appeals

Board, P.O. Box 2935, Albany, New York 12220-0935, which consist of Exhibit-O, the

original May 20, 2010, Major Chrysler Jeep Dodge's VIP Summary Report, Exhibit-P, a

true photo the vehicle bearing New York State registration number EJE-5590, that I, the

Plaintiff, was operating on February 24, 2010, and Exhibit-(Q), a sworn Affidavit of what

occurred during the April 22,2010, Court Proceedings.

**Refer to Exhibit - C18,**

That on June 06, 2010, I, the Plaintiff, Gerald J. Burroughs X, received a letter

from the State of New York Department of Motor Vehicles Appeals Board, informing me

that they received my appeal form and request for the transcript, and informed me that

I, the Plaintiff, would have to send a fifty dollars deposit to the transcriber, which was

the Associated Reporters International Inc, located at P.O. Box 165, Massena, New York

13662.

I am submitting a true copy of this letter dated June 03, 2010, that I, the Plaintiff

received from the State of New York Department of Motor Vehicles Appeals Board, a

copy of the fifty dollars U.S. Postal Money Order#18042017422, and a copy of the U.S.

**51**

That a employee of Associated Reporters International Inc, "stated it was not up to them, and advised me, the Plaintiff to contract the State of New York Department of Motor Vehicles Appeals Board, with my request for more time".

That this employee of Associated Reporters International Inc, "went on to say, you're entitle to one re-audit of the transcript, but you first have to be granted the additional time from the Appeals Board before that can happen.

Marked as Exhibit –C21,

That on about August 26, 2010, I, the Plaintiff, Gerald J. Burroughs X, called the State of New York Department of Motor Vehicles Appeals Board, requesting a additional five-to- ten days to complete the corrections of the April 22, 2010, Traffic Court Proceedings transcript and send it in to Associated Reporters International Inc,.

That I, the Plaintiff, Gerald J. Burroughs X, would go on to inform this employee of the State of New York Department of Motor Vehicles Appeals Board, that I was requesting a re-audit of the transcript, I, the Plaintiff, suffered the lost of a love one, had medical issues, and had to prepare for two upcoming State Hearing.

That I, the Plaintiff, Gerald J. Burroughs X, was told by this employee of the DMV, that I, Plaintiff, had to summit my request for addition time in writing and mailed to the DMV Appeals Board, or fax your request to (518) 486-6640, that I would have to wait on approval by the Appeal Unit and that they will notify the Transcriber.

That on August 27, 2010, I, the Plaintiff, Gerald J. Burroughs X, would write a
letter to the State of New York Department of Motor Vehicles Appeals Board,
requesting a addition five to ten days for making my abjections and pointing out the
needed corrections of the April 22, 2010, Traffic Court Proceedings for Summons
#AAN8220295, that I first faxed a copy of this letter to the DMV, at (518) 486-6640,
then send this letter by certified mailed.

**Marked as Exhibit- C22,**

That also on August 27, 2010, I, the Plaintiff, Gerald J. Burroughs X, would write a
letter to the Transcriber, at Associated Reporters International Inc, informing them
that I had made a request to the Appeals Board for the addition time needed, that I,
the Plaintiff, had been informed, that I would have to wait on approval from the
Appeals Unit, that they, the State of New York Department of Motor Vehicles Appeals
Board, would contact the transcriber, at Associated Reporters International Inc,.

That within this letter, I, the Plaintiff, went on to inform the transcriber that I had
not been able to completely go over the whole transcript, due to illness and medical
issues, the lost of a loved one, and preparing for other State Hearings, but that I was
requesting a re-audit of the April 22, 2010, Traffic Court Proceedings because I found
many mistakes within the few pages I have gone over.

**Refer to Exhibit –C21 and C26,**

That on about September 04, 2010, I, the Plaintiff, received a letter dated

September 02, 2010, and the attached re-audit transcript from the Transcriber,

Associated Reporters International Inc, informing me, the Plaintiff, that as per to my

request for an re-audit of the April 22, 2010, Traffic Court Proceedings transcript, that I

would find the enclosed transcript with some minor changes and that they have sent a copy of

the transcript to the Appeals Board.

That if I, the Plaintiff, was told if I found any problems with the transcript to contact

Associated Reporters International Inc, as soon as possible, at P. O. Box 165, Massena, New

York, 13662, and that am reminded that I have (30)thirty days from this letter's date to submit

any final arguments to the Board for its review or  they will not be considered, and to send them

to NYS DMV Appeals Board, P.O. Box 2935, Albany, New York 12220-0935.

**Refer to Exhibit-C24.**

**That upon reading the re-audit transcript from Defendant #5, Associated**

**Reporter International Inc, of the April 22, 2010, Queens North Traffic Violations Court**

**Proceedings prepared by a Ms. Laurie A. Lowenstein, I, the Plaintiff still found**

**important key testimony of the Defendant #2, POM Dmaine R. Freeland, still missing**

**from this transcript as well, yet Defendant #2, submitted his testimony and words**

**were loudly and clearly.**

**That remarks made by Defendant #1, Administrative Law Judge Sheldon Dorn**

**#074, during this Traffic Violations court Proceedings were missing once again from**

**this re-audit transcript as well, but the following seems to have been deleted from**

**both transcripts by Defendant #5, Associated Reporters International Inc,:**

(a) Page #2, line 15 – When I, the plaintiff, stated, " No, I have a affidavit from a "Retired" New York City Police Officer, **"and his daughter the owner of the vehicle was operating, informing the Court that the vehicle has a hand Free system".**

(b) Page #2,  Missing is, when I, the Plaintiff went on to say, **"Mr. Washington couldn't be present today, due to a heart condition and his just being released from the hospital, and his daughter had to work today, she just returned from vacation and couldn't be present.**

(c) Missing from the transcripts on page #3, When Defendant #2, stated, " At 8:43 – 8:45pm, I was **"sitting parked on Roosevelt Avenue, some feet from the Main Street traffic Light, working my tour looking for motorist in violations of seatbelts and talking on the cell phone while driving.**

(d) Missing from the transcripts on page #3, When Defendant #2, stated, **"It was a clear night, and without no obstruction of my view, when I observed him within a 2002 gray Jeep talking on a Silver telephone".**

(e) Missing from the transcripts on page #3, When Defendant #2, stated, **"without losing sight of the vehicle, I pursued the vehicle, pulling him over at the intersection of Main street and Kissena Boulevard.**

(f) Missing from the transcripts, on page #3,end of line 19 thru 20, When Defendant #2,

stated, "I let the motorist know I did observe him with a **"Silver"** cell phone in his

left hand, to his left ear.

**Refer to Exhibits- B6, the February 24, tape recording,  and B7- the transcript , as well as Exhibit- C24 – the re-audit transcript prepared by Defendant #5,**

**Also refer to supporting Exhibits – C25 and C26, corrections of transcripts prepared by Plaintiff.**

That on September 13, 2010, I, the Plaintiff went to the Queens District Attorney

office, to inquire about bring charges against the Defendant #2, POM Dmaine R.

Freeland, badge #941208, for his act of perjury, profiling and Police misconduct, during

the April 22, 2010, Traffic Violations Court Proceedings and on February 24, 2010.

That I, the Plaintiff, was asked to leave my information and telephone number,

and told someone would get in touch with me within the next few days.

**See supporting Exhibit-D2.**

That on September 29, 2010, I, the Plaintiff, received a letter dated September

27, 2010, from the Outpatient Mental Health Clinic within the James J. Peters VA

Medical Center, located at 130 Kingsbridge Road, Bronx, New York 10468, informing me

that they received the consult from my primary physician, requesting that I be evaluated

at the Outpatient Mental Health Clinic.

That it was during an earlier appointment in August 2010, with my primary

physician, Dr. Ruth Kleinman, within the Queens VA Outpatient Clinic, I, the Plaintiff,

informed her that the reason for my missing so many appointments was due to my

being extremely overwhelmed, stressed out, somewhat depressed, that I couldn't get

any sleep due to staying up all times of night preparing documents for an appeal to clear

my name of the false testimony of the Defendant #2, POM Dmaine R. Freeland badge

#941208, regarding summons #AAN8220295.

That I, the Plaintiff, went on to express to my primary care physician, that I, the

Plaintiff, needed some type of medication to help me sleep.

**See supporting Exhibit-D.**

That on September 29, 2010, I, the Plaintiff, would prepare and submit my

"Appealing Motion To Overturn Guilty Verdict Decision", which was signed before an

Notary Public on the 1st. day of October, 2010, that during the preparing of this

document, I, the Plaintiff, incorrectly typed in the month of September 2010, instead of

the correct month of October 2010, and certified mailed it to the DMV Appeals Board,

Appealing Process Unit, P.O. Box 2935, Albany, New York 12220-0935, on October 02,

2010, along with my September 29th. 2010, prepared "Defendant's Sworn Affidavit of

Court Proceedings and Corrections made to Re-audit Court transcript".

**See supporting Exhibit- C25 and C26.**

That on October 20, 2010, I, the Plaintiff, Gerald J. Burroughs X, would visit CUNY

School of Law, attempting to get some legal help or assistance from their legal Aid Clinic

regarding Appealing summons #AAN8220295.

**Refer to Exhibit – D2, the visitor pass from the school.**

**57**

That on about September 04, 2010, I, the Plaintiff, received a letter dated September 02, 2010, and the attached re-audit transcript from the Transcriber, Associated Reporters International Inc, informing me, the Plaintiff, that as per to my request for an re-audit of the April 22, 2010, Traffic Court Proceedings transcript , that I would find the enclosed transcript with some minor changes and that they have sent a copy of the transcript to the Appeals Board.

That if I, the Plaintiff, was told if I found any problems with the transcript to contact Associated Reporters International Inc, as soon as possible, at P. O. Box 165, Massena, New York, 13662, and that am reminded that I have (30)thirty days from this letter's date to submit any final arguments to the Board for its review or  they will not be considered, and to send them to NYS DMV Appeals Board, P.O. Box 2935, Albany, New York 12220-0935.
**Refer to Exhibit-C24.**

**That upon reading the re-audit transcript from Defendant #5, Associated Reporter International Inc, of the April 22, 2010, Queens North Traffic Violations Court Proceedings prepared by a Ms. Laurie A. Lowenstein, I, the Plaintiff still found important key testimony of the Defendant #2, POM Dmaine R. Freeland, still missing from this transcript as well, yet Defendant #2, submitted his testimony and words were loudly and clearly.**

**That remarks made by Defendant #1, Administrative Law Judge Sheldon Dorn #074, during this Traffic Violations court Proceedings were missing once again from this re-audit transcript as well, but the following seems to have been deleted from**

*58*

**both transcripts by Defendant #5, Associated Reporters International Inc,:**

**(a)** Page #2, line 15 – When I, the plaintiff, stated, " No, I have a affidavit from a "Retired" New York City Police Officer, **"and his daughter the owner of the vehicle was operating, informing the Court that the vehicle has a hand Free system".**

**(b)** Page #2,  Missing is, when I, the Plaintiff went on to say, **"Mr. Washington couldn't be present today, due to a heart condition and his just being released from the hospital, and his daughter had to work today, she just returned from vacation and couldn't be present.**

**(c)** Missing from the transcripts on page #3, When Defendant #2, stated, " At 8:43 – 8:45pm, I was **"sitting parked on Roosevelt Avenue, some feet from the Main Street traffic Light, working my tour looking for motorist in violations of seatbelts and talking on the cell phone while driving.**

**(d)** Missing from the transcripts on page #3, When Defendant #2, stated, **"It was a clear night, and without no obstruction of my view, when I observed him within a 2002 gray Jeep talking on a Silver telephone".**

**(e)** Missing from the transcripts on page #3, When Defendant #2, stated, **"without losing sight of the vehicle, I pursued the vehicle, pulling him over at the intersection of Main street and Kissena Boulevard.**

**(f)** Missing from the transcripts, on page #3,end of line 19 thru 20, When Defendant #2,

stated, "I let the motorist know I did observe him with a **"Silver"** cell phone in his

left hand, to his left ear.

**Refer to Exhibits- B6, the February 24, tape recording,  and B7- the transcript , as well as
Exhibit- C24 – the re-audit transcript prepared by Defendant #5,**

**Also refer to supporting Exhibits – C25 and C26, corrections of transcripts prepared by
Plaintiff.**

That on September 13, 2010, I, the Plaintiff went to the Queens District Attorney

office, to inquire about bring charges against the Defendant #2, POM Dmaine R.

Freeland, badge #941208, for his act of perjury, profiling and Police misconduct, during

the April 22, 2010, Traffic Violations Court Proceedings and on February 24, 2010.

That I, the Plaintiff, was asked to leave my information and telephone number,

and told someone would get in touch with me within the next few days.

**See supporting Exhibit-D2.**

That on September 29, 2010, I, the Plaintiff, received a letter dated September

27, 2010, from the Outpatient Mental Health Clinic within the James J. Peters VA

Medical Center, located at 130 Kingsbridge Road, Bronx, New York 10468, informing me

that they received the consult from my primary physician, requesting that I be evaluated

at the Outpatient Mental Health Clinic.

That it was during an earlier appointment in August 2010, with my primary

physician, Dr. Ruth Kleinman, within the Queens VA Outpatient Clinic, I, the Plaintiff,

informed her that the reason for my missing so many appointments was due to my being extremely overwhelmed, stressed out, somewhat depressed, that I couldn't get any sleep due to staying up all times of night preparing documents for an appeal to clear my name of the false testimony of the Defendant #2, POM Dmaine R. Freeland badge #941208, regarding summons #AAN8220295.

That I, the Plaintiff, went on to express to my primary care physician, that I, the Plaintiff, needed some type of medication to help me sleep.
**See supporting Exhibit-D.**

That on September 29, 2010, I, the Plaintiff, would prepare and submit my "Appealing Motion To Overturn Guilty Verdict Decision", which was signed before an Notary Public on the 1st. day of October, 2010, that during the preparing of this document, I, the Plaintiff, incorrectly typed in the month of September 2010, instead of the correct month of October 2010, and certified mailed it to the DMV Appeals Board, Appealing Process Unit, P.O. Box 2935, Albany, New York 12220-0935, on October 02, 2010, along with my September 29th. 2010, prepared "Defendant's Sworn Affidavit of Court Proceedings and Corrections made to Re-audit Court transcript".
**See supporting Exhibit- C25 and C26.**

That on October 20, 2010, I, the Plaintiff, Gerald J. Burroughs X, would visit CUNY School of Law, attempting to get some legal help or assistance from their legal Aid Clinic regarding Appealing summons #AAN8220295.
**Refer to Exhibit – D2, the visitor pass from the school.**

That on about November 01, 2010, I, the Plaintiff would receive the shocking, unbelievable, and unjust decision letter from Defendant #3, the State of New York Department of Motor Vehicles Appeals Board, dated October 29, 2010, upholding Defendant #1, Administrative Law Judge Sheldon Dorn #074, unjust and unfair April 22, 2010, guilty decision.

**Marked as Exhibit - 00E,**

That later on November 01, 2010, I, the Plaintiff being disappointed and upset about receiving this unjust October 29, 2010, decision from Defendant #3, the State of New York Department of Motor Vehicles Appeals Board, I, the Plaintiff, called my VA primary care doctor, Dr. Ruth Kleinman, requesting medication to help me get some sleep before I suffer a physical breakdown or collapse.

That my primary care doctor, Dr. R. Kleinman, informed me that I, the Plaintiff, would first have to be seen by the Mental Health Clinic, before I could receive some type of medication to help with my sleeping problem.

That on this same day, November 01, 2010, I, the Plaintiff would mail off and file my Notice of Claim within the New York City Comptroller's Office against Defendant #2, POM Dmaine R. Freeland badge #941208, and Defendant #4, the New York City Police Department.

**Marked as Exhibit – E,**



That on November 04, 2010, after months of suffering with insomnia and the lack of proper sleep, I the Plaintiff did follow the medical advice of my primary care doctor, Dr. Ruth Kleinman, by visiting the Mental Health Clinic, within the James J. Peters VA Medical Center.

That upon arriving at the Mental Health Clinic, as a walk-in, I, the Plaintiff, was interviewed for approximately twenty to twenty five minutes, thirty minutes the most by a Ms. Barbara J. Davidson, CSW, within the James J. Peters VA Medical Center, located at 130 W Kingsbridge Road, Bronx, New York 10468.

That Ms. Barbara J. Davidson's, would first ask me, the Plaintiff, "why are you here today, what do you need help with?"

That I, the Plaintiff, would inform Ms. Davidson, that I was there seeking some type of medication that would help me get some needed sleep, that I just received some very upsetting news regarding a traffic summons that I am innocent of, but was unjustly found guilty, that I filed a appeal and just learned a few days ago, it was denied.

That I went on to say, I am trying not to explode or have a breakdown, that I am not a violent person, I just need some rest.

That I, the Plaintiff, then said, my primary care doctor, Dr. Kleinman, said I had to be seen by this clinic first, before I could receive a prescription or medication to help me sleep.

**Refer to Exhibit – 20+,**

That I, the Plaintiff, went on to inform Ms. Davidson, that I was overwhelmed and stressed-out from preparing legal paper work trying to clear my name of a wrongful issued traffic ticket, and behind a false petition file against me in Family Court, an due to issues dealing with incidents involving members of Defendant #4, the New York City Police Department since 2005, behind a seven(7)plus years illicit affair between my x-spouse and Police Officer, that I have been denied my Civil Right because of my being a African American and a Muslim.

That I, the Plaintiff, continue to inform Ms. Davidson, that I, the Plaintiff, am passionate about my Civil Rights and the Law, that I have written letters to over 130 different people and organizations, to both President G.W. Bush and President Obama, to United States Senators and members of Congress past and present, to the Justice Department, to both the past and present United States Attorney General, to the NAACP, to the MLK Center, to the past and present New York State Attorney Generals, to members of the New York State Assembly, to New York City Mayor Bloomberg, to Police Commissioner Raymond Kelly, to four of the past and present Borough Presidents, to members of the New York City Counsel, to the Queens District Attorney Office, to the Commanding Officers of the 103rd. and 110th. Precinct, and five members of the Clergy, concerning Police misconduct of issuing unjust traffic summons to Family members, friends and myself, my being followed across State lines by two New York City Police Officers, and regarding the terrorizing, stalking, following, threatening, taking pictures and recording of vehicles license plates belonging to my Family members and friends, regarding Police Officers unlawfully entering my home, and the intimidation of

my Family members and witnesses.

That I, the Plaintiff, went on to say and inform Ms. Davidson, that my fundamental and Constitutional Rights were violated, that I, the Plaintiff had been deprived true Justice within the Queens Family Court behind a false petition filed against me, the Plaintiff by a Mrs. Eva Reedy, one of my former step-daughters after attempts had been made to serve her my divorce action papers as instructed to do so by the New York State Supreme Court.

That I, the Plaint went on to inform Ms. Davidson, that during this Family Court Proceedings, I, the Plaintiff, had been denied equal protection, witnesses, and evidence to prove my innocence against this false and fraudulent petition filed by Mrs. Eva Reedy, and that I, the Plaintiff believed that it was due to my religion, race, gender and as a favor to this Police Officer who had been in the illicit affair with my former spouse.

That I, the Plaintiff, would then show Ms. Davidson, the United States Postal Service certified mail and Priority mail receipt for those I, the Plaintiff had written to, as well as showing her the master audio tape recordings and video recordings of all the different encounters and incidents involving members of Defendant #4, the New York City Police Department, that had occurred over the past five years.

**Refer to Exhibit – F1,**

That Ms. Davidson, would then start asking me, the Plaintiff some general medical questions, personal questions, questions regarding my Family history, and

attempted to get me, the Plaintiff, to stay a few days within the VA Hospital before

escorting me to pick-up the medication and making an appointment for me, the

Plaintiff, to return to the Mental Health Clinic.

That on July 31, 2012, during my interview with two Doctors regarding my knee

replacement surgery, almost two years since that 25-to-30 minute interview with

Ms. Barbara J. Davidson, of the Mental Health Clinic within the James J. Peters VA

Medical Center,  that I, the Plaintiff, would be asked by these interviewing Doctors,

"what's this about you having a "Paranoid Schizophrenia Personality"?

That this was my first time learning of my being label by Ms. Barbara J. Davidson,

as having a Paranoid Schizophrenia Personality.

That now, after all my anxiety behind Defendant #1's, unjust decision and

Defendant #3's, unjust decision, which brought me to this Clinic on November 04, 2010,

I, the Plaintiff, now have to deal with more paper work to have this misdiagnosis and

serious assault on my character removed from my VA's medical record by supplying the

VA with (5)five years of documentation proving these encounters with members of

Defendant #4, occurred as I informed Ms. Barbara J. Davidson.

That after receiving a printout copy of Ms. Barbara J. Davidson's interview

progress notes on August 23, 2012, it was clear that she didn't believe me on November

04, 2010, or didn't want to believe that members of Defendant #4, the New York City

Police Department, would have or do conduct these type of acts

# FEDERAL COURT CASE EXHIBITS

Exhibit OOA – a true copy of Justice Charles J. Markey's June 22, 2011, Decision and Order

Exhibit - A ---- a true copy of the Case File  #4962/2011 from the Queens County Clerk

Exhibit – A1 --- a true copy of Summons #AAN8220295 and the Priority mailing receipt

Exhibit – A2 --- a true copy of the May 13, 2010, Complaint filed with the Civilian Complaint Review Board,against Defendant #2,POM Dmaine R. Freeland badge #941208, the attached true copy of the April 26, 2010, visitor's pass to the CCRB.

Exhibit –A3 ---a true copy of vehicle's New York State registration, insurance card and a true picture of the vehicle operated at the time by the Plaintiff, that was submitted to Defendant #3, as part of my Appeal.

Exhibit -A4---a true copy of another picture showing the vehicle's color, which was submitted to Defendant #3,as part of my Appeal package.

Exhibit- A5—The true pictures of my main "Black telephone with the Jupiter Jack Hand Free device still attached as it was on February 24, 2010, and the true picture of my "Silver recorder used on that day the record this illegal traffic stop, which was submitted and showed to Defendant #1, on April 22, 2010, and submitted to Defendant #3, as part of my Appeals package.

Exhibit-A6—The true picture of my other two "Black telephones", that were in the vehicle on February 24, 2010,that were showed and submitted to Defendant #1, on April 22, 2010, and submitted to Defendant #3, as part of my Appeals package.

Exhibit –B---The true copy of the video showed and submitted to Defendant #1, on April 22, 2010, and submitted to Defendant #3, as part of my Appeals package.

Exhibit-B1- The true copy of the diagram of the positions of Defendant #2, Police vehicles, and that of the Plaintiff's vehicle on February 24, 2010, that was showed and submitted to both Defendant #1, and Defendant #2, on April 22, 2010, and submitted to Defendant #3, as part of my Appeals package.

Exhibit-B2-The true picture of the toy vehicles used to show Defendant #1, of the location of both Defendant #2, and the vehicle operated by the Plaintiff on February 24, 2010.

67

Exhibit-B3-a true copy of Ms. Marie A. Gregory's sworn affidavit with the attached instructing for the Jupiter Jack Hands Free system and a copy of her U.S. Postal employee parking pass that was submitted to Defendant #1, on April 22, 2010, and the original affidavit submitted to Defendant #3, as part of my Appeal package.

Exhibit-B4-a true copy of Mr. Milton C. Washington's, a retired New York City Police Officer, sworn affidavit submitted to Defendant #1, on April 22, 2010, and the original affidavit submitted to Defendant #3, as part of my Appeal package.

Exhibit-B5-The true pictures of myself the Plaintiff, and my attire as it was on April 22, 2010, during the Traffic Violations Court Proceedings.

Exhibit-B6-The true copy of the recorded conversation between Defendant #2, and the Plaintiff, recording on February 24, 2010, during this illegal traffic stop, that was recorded with my "Silver recorder".

Exhibit-B7-The true copy of the April 22, 2010, Traffic Violations Court Proceedings transcript, that has important missing testimony.

Exhibit-B7+,The true copy of April 22, 2010, guilty decision, and the attached $130.00, money order payment to Defendant #3.

Exhibit-B8-The true copy of the April 22, 2010, Court case findings.

Exhibit-B9-The true copy of the Plaintiff's submitted May 14, 2010, Affidavit of Appealing sent to and submitted the Defendant #3.

Exhibit-00C- The true copy of the May 18, 2010, Appeals form filed with the attached $10.00, U.S. Postal money order and the Priority mail receipt, submitted to Defendant #3, by the Plaintiff.

Exhibit-C---The true copy of the May 15, 2010, Supporting Documents And Evidence For Appeal letter, submitted to Defendant #3, with the following attached Exhibits:

Exhibit-C1, C2, C3, C4, C5, C6, C7, C8, C9, C10, C11, C12, C13, C14, C15, C16, and C17.

Exhibit-C18-The true copy of the May 22, 2010, Additional Supporting Evidence against Summons #AAN8220295, submitted to Defendant #3, for Appeal.

Exhibit-C19-The true copy of the 06/03/2010, letter the Plaintiff received from Defendant #3, informing me, the Plaintiff, I had to submit a $50.00, payment to Defendant #5, Associated Reporters International Inc, to receive a copy of the Court transcript.

Exhibit-C20- The true copy of the July 28, 2010, letter from Defendant #5, informing me, the Plaintiff, that I had 30 days from the date of its letter to make any final arguments.

Exhibit-C20+,The true copy of the Plaintiff's AT&T telephone bill for 05/05/2010 to 06/04/2010.

Exhibit-C21-The true copy of the August 27, 2010, letter I, the Plaintiff, sent to Defendant #5, requesting additional time, and the attached Priority mail receipt.

Exhibit-C22-The true copy of the August 27, 2010, letter I, the Plaintiff, sent to Defendant #3, requesting additional time, and the attached Priority mail receipt.

Exhibit-C23-The true copy of the August 31, 2010, letter I, the Plaintiff, received from Defendant #3.

Exhibit-C24-The true copy of the September 02, 2010, letter I, the Plaintiff, received from Defendant #5, and the attached re-audit transcript.

Exhibit-C25-The true copy of the Plaintiff's Corrections made to the transcript, with the attached Priority mail receipt.

Exhibit-C26-The true copy of the September 29, 2010, Defendant's Sworn Affidavit of the Court Proceedings and Corrections made to the re-audit Transcript.

Exhibit-D—The true copy of the September 27, 2010, letter I, the Plaintiff, received from Outpatient Mental health Clinic regarding an appointment, due to I, the Plaintiff, informing my primary care Doctor months earlier of my suffering with anxiety, depression, and stress behind the traffic stop and the unjust April 22, 2010, decision.

Exhibit-D1-The true copy of the September 30, 2010, letter from the James J. Peters VA Medical Center Mental Health Clinic, regarding a missed requested appointment on August 27, 2010.

Exhibit-D2-The true copies my visitors passes to the Queens District Attorney Office and to The University of New York.

Exhibit-00E- The true copy of October 29, 2010, decision from Defendant #3,.

Exhibit-E—The true copy of the Notice of Claim, filed within the New York City Comptroller's Office against Defendant #2, and Defendant #4.

Exhibit-E1- The true copy of the December 13, 2010, acknowledgment letter of my Notice of Claim submitted to the New York City Comptroller's Office.

*69*

Exhibit-E2- The true copy of the December 15, 2010, letter I, the Plaintiff, received from the New York City Comptroller's Office informing me the my Claim against Defendant #2, and Defendant #4, was not allowed due it being after 90 days.

Exhibit-F—The true copy of the 02/18/211, letter from the Queens Bar Association, that I, the Plaintiff was seeking legal assistance in this matter.

Exhibit-F1-The true copy of most of the people and organizations that I, the Plaintiff had been seeking help regarding incidents involving members of Defendant #4.New York City Police Department.

Exhibit-F2-The true copy of the Petition I, the Plaintiff, filed and used during the Article 78, with the New York State Supreme Court Proceedings.

Exhibit-G-The true copy of the March 01, 2011, Mrs. Shanna J. Burroughs, sworn affidavit of Service upon Defendant #4,New York City Police Department, with the Request For Judicial Intervention, the Notice of Petition, and Verified Petition, with the attached visitors pass.

Exhibit-G1- The true copy of the certified mail return card for Service upon Defendant #2, and Defendant #4. with the Request For Judicial Intervention, the Notice of Petition, and the Verified Petition.

Exhibit-G2- The true copy of the March 04, 2011, Mrs. Shanna J. Burroughs, sworn affidavit of Service upon Defendant #1, and the Office of the State of New York Attorney General, with the Request For Judicial intervention, the Notice of Petition, and the Verified Petition, with the attached visitors pass.

Exhibit-H- The true copy of Mrs. Shanna J. Burroughs, March 02, 2011, sworn affidavit of Service of mailing and the attached certified receipts.

Exhibit-H1- The true copy of the certified return card for Defendant #1, and Defendant #3.

Exhibit-I –The true copy of the March 05, 2011, sworn affidavit of Mr. Joseph J. Holmes Jr., upon Defendant #2, with the Request For Judicial Intervention, the Notice of Petition, and the Verified Petition.

Exhibit-J—The true copy of the Miss Althea Molden's attempt of Service on June 08, 2011, upon Defendant #2, and the Corporation Counsel's Office.

Exhibit-K –The true copy of the July 15, 2011, sworn affidavit of Service, of the Notice of Entry upon Defendant #2, Corporation Counsel, State of New York Attorney General Office, and Defendant#1.

Exhibit-E2- The true copy of the December 15, 2010, letter I, the Plaintiff, received from the New York City Comptroller's Office informing me the my Claim against Defendant #2, and Defendant #4, was not allowed due it being after 90 days.

Exhibit-F—The true copy of the 02/18/211, letter from the Queens Bar Association, that I, the Plaintiff was seeking legal assistance in this matter.

Exhibit-F1-The true copy of most of the people and organizations that I, the Plaintiff had been seeking help regarding incidents involving members of Defendant #4.New York City Police Department.

Exhibit-F2-The true copy of the Petition I, the Plaintiff, filed and used during the Article 78, with the New York State Supreme Court Proceedings.

Exhibit-G-The true copy of the March 01, 2011, Mrs. Shanna J. Burroughs, sworn affidavit of Service upon Defendant #4,New York City Police Department, with the Request For Judicial Intervention, the Notice of Petition, and Verified Petition, with the attached visitors pass.

Exhibit-G1- The true copy of the certified mail return card for Service upon Defendant #2, and Defendant #4. with the Request For Judicial Intervention, the Notice of Petition, and the Verified Petition.

Exhibit-G2- The true copy of the March 04, 2011, Mrs. Shanna J. Burroughs, sworn affidavit of Service upon Defendant #1, and the Office of the State of New York Attorney General, with the Request For Judicial intervention, the Notice of Petition, and the Verified Petition, with the attached visitors pass.

Exhibit-H- The true copy of Mrs. Shanna J. Burroughs, March 02, 2011, sworn affidavit of Service of mailing and the attached certified receipts.

Exhibit-H1- The true copy of the certified return card for Defendant #1, and Defendant #3.

Exhibit-I —The true copy of the March 05, 2011, sworn affidavit of Mr. Joseph J. Holmes Jr., upon Defendant #2, with the Request For Judicial Intervention, the Notice of Petition, and the Verified Petition.

Exhibit-J—The true copy of the Miss Althea Molden's attempt of Service on June 08, 2011, upon Defendant #2, and the Corporation Counsel's Office.

Exhibit-K —The true copy of the July 15, 2011, sworn affidavit of Service, of the Notice of Entry upon Defendant #2, Corporation Counsel, State of New York Attorney General Office, and Defendant#1.

*74*

Exhibit-00-The true copy of the June 22, 2011, decision of New York State Supreme Court
Justice Charles J. Markey.

Exhibit-L -The true copy of June 28, 2012, letter I, the Plaintiff, wrote to Defendant #4, about
still not receiving the repayment of all the monies I, the Plaintiff, put out defending
against Defendant #2, fraudulent and false testimony and the issuing of traffic
summons #AAN8220295.

Exhibit-M-The true copy of Ms. Barbara J. Davidson's progress notes report for 11/ 04 /2010.

Exhibit-M1- The true copy of the February 27, 2013, letter and attached check received from
Defendant #4, for summon #4242942473, another unjust traffic summons I, the
Plaintiff, received in 2005, and ever after making many attempts to recover
payments wrongful taken for in 2005, they just repaying it now, still have not repay
me for summons #AAN8220295, as ordered to do so, which I still have not cashed
this check.

Exhibit-M2, The true copy of the March 05, 2013, letter from Defendant #4, and the attached
check, still mark for repayment of traffic summons #4242942473.

Exhibit-N—The true copies of the Priority mail receipts used in the matter.

**WHEREAS,**

I, the Plaintiff, Gerald J. Burroughs X, am seeking the repayment of all my expenses

in defending against the illegal stop, and for extreme pain and emotional suffering I, the

Plaintiff suffered due to the fraudulent and false testimony of Defendant #2, POM Dmaine R.

Freeland badge 941208, and the unjust decision and unequal treatment received from

Defendant #1, Administrative Law Judge Sheldon Dorn #074, as well as the extreme suffering

caused by Defendant #3, Defendant #4, and Defendant #5, and I seeking relief in the following

amount against these Defendants.

**Defendant #1, Administrative Law Judge Sheldon Dorn #074, - $5,000,000.00, Million Dollars.**

**Defendant #2, POM Dmaine R Freeland badge #941208, - $5,000,000,00, Million Dollars.**

**Defendant #3, State of New York Department of Motor Vehicles Appeals Board, -
$5,000,000. 00, Million Dollars.**

Defendant #4, New York City Police Department –          $5,000,000.00 Million Dollars

Defendant #5, Associated Reporters International Inc, –          $5,000,000.00 Million Dollars

**Plaintiff**

Date June 21, 2013

State of New York

County of Queens

Sworn to before me
On this _21_, day of June 2013

Notary Public

JOSEPH V DeGAETANO
NOTARY PUBLIC, State of New York
No  01DE4981091
Qualified in Putnam County
Commission Expires October 26, 2015