UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

GERALD J. BURROUGHS X,                              13-CV-03609 (ARR)(LB)

                Plaintiff,                MEMORANDUM
   -against-                                       AND ORDER

ADMINISTRATIVE LAW JUDGE SHELDON                    NOT FOR ELECTRONIC
DORN #074, State of New York Department             OR PRINT PUBLICATION
of Motor Vehicles Queens North TVB; POM
Dmaine R. Freeland, Bade #941208; STATE
OF NEW YORK DEPARTMENT OF
MOTOR VEHICLES APPEALS BOARD; NEW
YORK CITY POLICE DEPARTMENT;
ASSOCIATED REPORTERS INTERNATIONAL
INC.,
                Defendants.
----------------------------------------------------------------------X

**ROSS, United States District Judge:**

On June 24, 2013, plaintiff filed this *pro se* action pursuant to 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 1621, against five defendants: an administrative law judge, a police officer, the appeals board of the traffic violations bureau, the New York City Police Department, and a court reporting and transcription firm utilized in traffic violations hearings before the Department of Motor Vehicles ("DMV"), alleging various violations of his constitutional rights during his prosecution for a traffic ticket. Plaintiff seeks five million dollars in damages from each of the five defendants. Complaint at V. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, and his complaint is allowed to proceed with respect to a single claim against the defendant police officer.

1

**I.     Background**

Having reviewed plaintiff's seventy-two page complaint and its dozens of attachments, the court summarizes the relevant allegations as follows.

On February 24, 2010, plaintiff was issued traffic summons #AAN8220295 by New York City police officer Dmaine Freeland ("Freeland") of the 109th Precinct for the improper use of a cell phone in violation of New York State Vehicle and Traffic Law § 1225–c, referred to as the "Cell Phone Law." Plaintiff states that he was engaged in a conversation using a hands-free device, which is not a violation of the Cell Phone Law, *see* Vehicle and Traffic Law § 1225–c(3)(c), rather than a cell phone, as alleged by the officer. Plaintiff pleaded not guilty to the offense and a hearing was held by the State of New York, Department of Motor Vehicles Administrative Adjudication Bureau ("DMV AAB") on April 22, 2010, and was transcribed by defendant Associated Reporters International Incorporated ("Associated Reporters"). At the hearing, plaintiff was found guilty of the offense by Administrative Law Judge Sheldon Dorn ("Dorn") and ordered to pay the fine and surcharges totaling $130.00. His appeal to the New York State Department of Motor Vehicles Appeals Board ("DMV Appeals Board") was denied. On June 22, 2011, plaintiff's Article 78 Petition filed in the Supreme Court of the State of New York, Queens County, Index No. 4962/2011, was granted, the decision of Dorn was set aside, the summons was dismissed, and the fees paid by plaintiff were ordered to be refunded by New York State and the DMV, "together with all surcharges, interest calculated, late fees, and other fees paid." Complaint, Exhibit 00A at 2 (June 22, 2011 Decision & Order). DMV refunded $130 to plaintiff. *Id.* at Exhibit M1 & M2.

Plaintiff alleges a litany of problems with the issuance of the ticket and the ensuing

process: (1) the initial stop was illegal and based on Freeland's profiling of him as an African-African-American and a Muslim; (2) Freeland testified falsely at the April 22, 2010 hearing; (3) Dorn did not provide him with a fair hearing; (4) the transcript of the April 22, 2010 hearing was transcribed improperly by the defendant court reporter; (5) the DMV Appeals Board has refused reimburse all of the fees he has paid, in contravention of the June 22, 2011 Decision and Order; (6) the City of New York's training and policies "toward the Islamic and African American Communities" led to his treatment. All of this, plaintiff alleges, has caused him emotional distress and financial loss. He alleges that his disparate treatment is based on his race (African-(African-American), religion (Islam), and "Dress Attire."

## II.    Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III. Discussion

Plaintiff states that he brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 1621. For the reasons set forth below, plaintiff "fails to state a claim on which relief may be granted," U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," id. § 1915(e)(2)(B)(iii), with respect to all but one of his claims.

#### A. No Claim Under Criminal Statute

Plaintiff's reliance on a section of the Federal Criminal Code, 18 U.S.C. § 1621 (Perjury), as a basis for this Court's jurisdiction over his complaint is misplaced. Plaintiff's request for the criminal prosecution of defendant Freeland is not cognizable. With rare exceptions not here relevant, criminal prosecutions are within the exclusive province of the public prosecutor, who complete discretion over the decision to initiate, continue, or cease prosecution. As such, lacks standing to assert a claim under 18 U.S.C. § 1621. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981) (inmates beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Lis v. Leahy*, No. 90-Civ-834, 1991 WL 99060, at *1 (W.D.N.Y. June 3, 1991) ("A private citizen does not have a constitutional right to initiate or to compel the initiation

4

of criminal proceedings.").

### B. 42 U.S.C. § 1983 Claims

Plaintiff brings a number of claims pursuant to 42 U.S.C. § 1983. In order for a plaintiff to maintain a cognizable claim under 42 U.S.C. §1983, (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

#### 1. 42 U.S.C. § 1983 Claim Against NYPD Dismissed

Chapter 17 § 396 of the New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not that of any agency." New York City Charter, Chapter 17 § 396. The New York City Police Department is an agency of the City of New York, and therefore cannot be named as a party to a lawsuit under § 1983. *Bailey v. New York City Police Dep't*, 910 F. Supp. 2d 116, 117 (E.D.N.Y. 1996) (citing New York City Charter, Chapter 17, § 396); *accord Piferrer v. New York City Police Dep't*, No. 98-CV-191, 1999 WL 169505 (E.DN.Y. Mar. 3, 1999).

Moreover, to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must allege the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). A single incident alleged in a complaint, especially if it involved only

5

actors below the policymaking level, generally will not raise the inference of the existence of a custom or policy. *Campbell v. Giuliani*, No. 99-2603, 2000 WL 194815, *5 (E.D.N.Y. Feb. 16, 2000) (citing *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)). The present complaint is therefore insufficient to support a claim for municipal liability. Plaintiff's § 1983 claim against the NYPD is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. 42 U.S.C. § 1983 Claim Against Department of Motor Vehicles Appeals Board Dismissed

Insofar as plaintiff seeks damages from the State of New York Department of Motor Vehicles Appeals Board, those portions of the complaint are dismissed. The Eleventh Amendment bars an action in federal court against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99–100 (1984). It is well-established that New York has not waived its immunity for section 1983 suits in federal court, *Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 38-40 (2d Cir.1977), and that section 1983 was not intended to override a state's sovereign immunity, *Quern v. Jordan,* 440 U.S. 332, 340–42, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

The DMV is a state agency immune from suit under the Eleventh Amendment, *see Feingold v. State of New York,* 366 F.3d 138, 149 (2d Cir. 2004) ("[W]e find that [Plaintiff's] § 1983 claim is clearly barred by the Eleventh Amendment because the DMV is a state agency"); *Rubin v. New York State Dept. of Motor Vehicles*, No. 10-CV-4119, 2010 WL 3842011, at *1 (E.D.N.Y. Sept. 28, 2010) (holding that the DMV is immune from suit under the Eleventh

Amendment because it is a state agency), and its appeals board is likewise immune under the Eleventh Amendment. Thus, Plaintiff's § 1983 claim against the DMV Appeals Board is dismissed because plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. 42 U.S.C. § 1983 Claim Against Associated Reporters Dismissed

Defendant Associated Reporters, a private corporation, does not act under color of state law within the meaning of 42 U.S.C. § 1983. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Academy v. Tennessee*, 531 U.S. 288, 304-05 (2001) (discussing whether athletic association was state actor within reach of § 1983); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants not state actors); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action); *Yevstifeev v. Steve,* 730 F.Supp.2d 308, 310-11 (W.D.N.Y. 2010) (defendant freelance court reporter's alleged alterations in transcripts and delay in supplying them to arrestee did not constitute state action, because the court reporter was not employed by the state unified court system). Therefore, plaintiff fails to state an actionable claim against defendant Associated Reporters. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. 42 U.S.C. § 1983 Claim Against Administrative Law Judge Dismissed

It is "well-established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for damages." *Montero v. Travis*, 171 F.3d 757, 761 (1999) (citing *Cleavinger v. Saxner,* 474 U.S.

193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)). This absolute immunity "extends to administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is 'functionally comparable' to that of a judge.' " *Id.* (quoting *Butz v. Economou,* 438 U.S. 478, 513 (1978)). "For immunity to attach, judicial officers must be acting in their judicial capacity and must be acting within their jurisdiction." *Sundwall v. Leuba*, 28 Fed. Appx. 11, 13 (2d Cir. 2002) (*citing Tucker v.* 118 F.3d 930, 933 (2d Cir. 1997)). In presiding over plaintiff's hearing regarding his summons and issuing his decision, Judge Dorn, Administrative Law Judge, State of New York, of Motor Vehicles, Traffic Violations Bureau, was acting within his judicial capacity, as well as within his jurisdiction. Accordingly, Judge Dorn is entitled to absolute immunity and the claim against him is dismissed, because plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

### 5. 42 U.S.C. § 1983 Claims against Defendant Freeland

The last remaining defendant is the police officer who performed the traffic stop involving plaintiff, issued the summons, and testified at the hearing where plaintiff was found guilty of improper use of a cellphone. With the exception of his claim that Freeland stopped plaintiff without reasonable suspicion, plaintiff's allegations against Freeland fail because the conduct complained of did not "deprive the plaintiff of a right guaranteed under the Constitution of the United States." *Nasca v. County of Nassau,* No. 05-CV-1717, 2008 WL 53247, at *4 (E.DN.Y. Jan. 2, 2008) (internal editing and citation omitted).

**(a) Traffic Stop without Reasonable Suspicion**

To the extent plaintiff seeks to raise an unreasonable seizure claim under the Fourth Amendment, he has stated a claim for which relief may be granted. A routine traffic stop is a "seizure" within the meaning of the Fourth Amendment and must therefore be reasonable. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). A traffic stop is reasonable under the Fourth Amendment if the police officer had reasonable articulable suspicion "that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation the law." *Id.* at 663; *United States v. Cortez*, 449 U.S. 411, 417 (1981). To determine whether the facts available to the officer at the time of the stop support reasonable suspicion, the circumstances must be viewed as a whole and through the eyes of a reasonable officer in that particular situation, with that officer's experience and training. *United States v. Delos-Rios,* 642 F.2d 42, 45 (2d Cir.1981).

Under New York law, "no person shall operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion." N.Y. Veh. & Traf. Law § 1225-c(2)(a) (McKinney 2010). In addition, "[a]n operator of a motor vehicle who holds a mobile telephone to, or in the immediate proximity of his or her ear while such vehicle is in motion is presumed to be engaging in a call within the meaning of this section." Id. § 1225-c(2)(b); see also id. § 1225-c(1)(f) ("'Engage in a call' shall mean talking into or listening on a hand-held mobile telephone, but shall not include holding a mobile telephone to activate, deactivate or initiate a function of such telephone.").

Plaintiff alleges that, on February 24, 2010, he received a telephone call while waiting at traffic light in a vehicle that he was driving. Dkt. #1, at 9. Plaintiff "then picked up the

9

telephone approximately one/two inches out of the cup holder with [his] right hand . . . [and] turned on the Jupiter Jacks Hands Free device switch on [his] telephone, then . . . replaced [his] telephone back into the cup holder, right next to [his] silver tape recorder." Id.  Thereafter, the call came through the speaker system of the vehicle, and plaintiff proceeded to engage in a phone conversation.  Id.  After entering into the conversation, plaintiff turned up the radio volume for the speaker system, as a result of which Freeland was able to hear that plaintiff was engaged in a telephone conversation.  Id. at 10.

After the traffic light turned green, plaintiff proceeded to drive.  Id.  Thereafter, he was pulled over by Freeland.  Id. at 11.  Plaintiff asked defendant why he had been stopped.  Id. at 13.  Freeland responded, "I'm stopping you because you were on the phone at 41st Avenue."  Id.  Defendant then issued plaintiff a traffic violations summons "for improper use of cell phone."  Id.

Construing the allegations in the light most favorable to plaintiff, the facts do not support reasonable suspicion that plaintiff was violating § 1225-c.  According to the complaint, plaintiff only held his telephone "to activate . . . or initiate a function of such telephone," which does not within the meaning of "[e]ngag[ing] in a call" under the statute. N.Y. Veh. & Traf. Law § 1225-1225-c(1)(f) (McKinney 2010).  Plaintiff claims that he raised his telephone only one to two inches from the cup holder in order to turn on his Jupiter Jacks hands Free Device.  Dkt. #1, at 9. Without seeing plaintiff "hold a mobile telephone to, or in the immediate proximity of his or her ear while such vehicle is in motion," N.Y. Veh. & Traf. Law § 1225-c(2)(a) (McKinney 2010), a reasonable police officer would not have reasonably suspected that plaintiff was in violation of § 1225-c.

Accordingly, plaintiff has plausibly stated a claim that Defendant Freeland violated plaintiff's right to be free from unconstitutional seizures by stopping plaintiff, without reasonable suspicion, while plaintiff was operating a motor vehicle.

**(b) Malicious Prosecution**

However, plaintiff has failed to state a claim for malicious prosecution under § 1983 and the Fourth Amendment. To state such a claim, a plaintiff must plead 1) that the defendant initiated a criminal proceeding, 2) that the proceeding terminated in favor of plaintiff, 3) that there was no probable cause for the criminal charged, and 4) that the defendant acted maliciously. *Savino v. City of New York,* 331 F.3d 63, 72 (2d Cir.2003). Plaintiff has not been the subject of a criminal proceeding that terminated in his favor.

**(c) Abuse of Process**

Likewise, to the extent the complaint may be construed as alleging a claim for abuse of process, it fails to meet the pleading standards of *Iqbal* and *Twombly*. To state a claim for abuse of process under § 1983 and the Fourth Amendment, a plaintiff must successfully plead that a defendant 1) employed regularly issued legal process to compel performance or forbearance of some act, 2) with intent to do harm without excuse or justification, 3) in order to obtain a objective that is outside the legitimate ends of the process. *Cook v. Sheldon,* 41 F.3d 73, 80 (2d Cir. 1994). Plaintiff's allegations that he was wrongfully subjected to a traffic stop and a conviction for driving while using a cell phone, and that this conviction was upheld on appeal before being reversed and dismissed, fall well short of stating a plausible claim to relief with respect to these three elements. Plaintiff offers nothing more than conclusory statements as to

allegation that Freeland intended to do harm without justification, or that the officer had some collateral objective outside the legitimate ends of the traffic summons.

### (d)  Denial of Equal Protection

In addition, plaintiff offers only conclusory statements that Freeland's actions were based on plaintiff's race and religion; he does not allege any facts in support of this conclusion and thus fails to satisfy the pleading standards of *Iqbal* and *Twombly*.  Plaintiff's bare allegations of racial and religious discrimination, devoid of any accompanying factual basis, do not state a section 1983 claim against the defendants for violation of plaintiff's rights to equal protection.

### Claims under 42 U.S.C. § 1985 Dismissed

Plaintiff also seeks to bring claims under 42 U.S.C. § 1985.  To state a claim for conspiracy under 42 U.S.C. § 1985, a plaintiff must allege the existence of: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons equal protection of the laws; and (3) act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property deprived of any right or privilege of a U.S. citizen. *See Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394 (E.D.N.Y. 2010).  Complaints containing only "conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights" will be dismissed. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam) (internal quotation marks omitted). Plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights. *See Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) (Claims of conspiracy that are vague and provide no basis in fact must be dismissed.).  Thus, plaintiff's 42 U.S.C. § 1985 claim is dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.     Conclusion**

Based on the foregoing, only plaintiff's Fourth Amendment claim for unreasonable seizure against Freeland may proceed. All of plaintiff's other claims are dismissed. The Clerk of Court shall amend the case caption to reflect the dismissal of all defendants except Freeland. The United States Marshals Service is directed to serve the summons and complaint upon Freeland without prepayment of fees. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
      July 22, 2013

13

**Service List**

<u>Plaintiff</u>

Gerald J. Burroughs X
103-20 53rd Avenue
Apt. 1
Corona, NY 11368