Docket No. 13-CV-3609 (ARR) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GERALD J. BURROUGHS X,

                                    Plaintiff,

-against-

POM FREELAND,

                                    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant Freeland*
*100 Church Street*
*New York, N.Y. 10007*

Of Counsel: Melanie Speight
Tel: (212) 356-2425
Matter No.: 2013-034399

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

FED. R. CIV. P. 12(b)(6) STANDARD FOR DISMISSAL ................................................. 3

ARGUMENT

       POINT I

              PLAINTIFF'S § 1983 CLAIMS ARE BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS........................................................................................ 3

       POINT II

              P.O. FREELAND IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S UNREASONABLE SEIZURE CLAIM. ................................................. 5

CONCLUSION ...................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                            **Pages**

Ambrose v. City of New York,
 623 F. Supp. 2d 454 (S.D.N.Y. 2009) .................................................................................3

Anderson v. Creighton,
 483 U.S. 635 (1987) .............................................................................................................6

Ashcroft v. Iqbal,
 129 S. Ct. 1937 (2009) .........................................................................................................3

Bernard v. United States,
 25 F.3d 98 (2d Cir. 1994) ....................................................................................................6

Bradway v. Gonzales,
 26 F.3d 313 (2d Cir. 1994) ..................................................................................................6

Conopco, Inc. v. Roll Int'l,
 231 F.3d 82 (2d Cir. 2000) ..................................................................................................3

Covington v. N.Y. City Police Dep't,
 No. 10-5116, 2012 U.S. App. LEXIS 6323 (2d Cir. Mar. 27, 2012) ............................. 4-5

DeMartino v. New York,
 No. 12-CV-3319, 2013 U.S. Dist. LEXIS 89188 (E.D.N.Y. June 24, 2013) .....................5

Feliciano v. County of Suffolk,
 419 F. Supp. 2d 302 (E.D.N.Y. 2005 ..................................................................................7

Finkelman v. New York State Police,
 No. 06 Civ. 8705 (JSR)(KNF), 2008 U.S. Dist. LEXIS 9952
 (S.D.N.Y. Feb. 11, 2008) .....................................................................................................5

Flowers v. Rustand,
 No. 11 Civ. 1801 (BMC), 2012 U.S. Dist. LEXIS 142562 (E.D.N.Y. Sept. 28, 2012) ........6

Harper v. City of New York,
 424 Fed. Appx. 36 (2d Cir. 2011) .......................................................................................4

Jones v. Brooklyn Hosp.,
 No. 13-CV-3504 (RRM), 2013 U.S. Dist. LEXIS 109523 (E.D.N.Y. Aug. 5, 2013) .........4

Kevilly v. New York,
 410 Fed. Appx. 371 (2d Cir. 2010) .....................................................................................4

**Cases**                                                                                                    **Pages**

Messerschmidt v. Millender,
   132 S. Ct. 1235 (2012)......................................................................................................6

Moore v. Vega,
   371 F.3d 110 (2d Cir. 2004) ..............................................................................................6

Owens v. Okure,
   488 U.S. 235 (U.S. 1989) ..................................................................................................4

Peterec v. Hilliard,
   No. 12-CV-3944 (CS), 2013 U.S. Dist. LEXIS 132118 (S.D.N.Y. Sept. 16, 2013)..............4, 5

Shomo v. City of New York,
   No. 07 CV 1208, 2009 U.S. App. LEXIS 23076 (2d Cir. Aug. 13, 2009)..........................4

United States v. Harrison,
   606 F.3d 42 (2d Cir. 2010) ................................................................................................7

Wallace v. Kato,
   549 U.S. 384 (U.S. 2007) ..................................................................................................4

Washpon v. Parr,
   561 F. Supp. 2d 394 (S.D.N.Y. 2008) ...............................................................................6

**Statutes**

29 U.S.C. §1915(e)(2)(B) .........................................................................................................1

42 U.S.C. §1983......................................................................................................................3, 4

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1, 2, 3

Local Civil Rule 7.2..................................................................................................................4

N.Y. C.P.L.R §214....................................................................................................................4

N.Y. Vehicle & Traf. Law §1225-c ..........................................................................................7

N.Y. Vehicle & Traf. Law §1225-c (1)(c) (2010) ....................................................................7

N.Y. Vehicle & Traf. Law §1225-c (2)(a) (2010) ....................................................................7

N.Y. Vehicle & Traf. Law §1225-c (3)(c) (2010) ....................................................................7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GERALD J. BURROUGHS X,

                              Plaintiff,

       -against-                        13-CV-3609 (ARR) (LB)

POM FREELAND,

                              Defendant.

------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)

### PRELIMINARY STATEMENT

On June 24, 2013, plaintiff *pro se* Gerald Burroughs X filed the complaint against P.O. Freeland, Administrative Law Judge Sheldon Dorn, the New York City Police Department, the New York State Department of Motor Vehicles Appeal Board, and Associated Reporters International, Incorporated, purporting to allege a variety of constitutional claims arising from his receipt of a traffic ticket on February 24, 2010, and the judicial process that followed. By Memorandum and Order dated July 22, 2013, pursuant to 29 U.S.C. § 1915(e)(2)(B), the Court dismissed, with a single exception, all of plaintiff's claims. (Memorandum and Order dated July 22, 2013, issued by the Honorable Allyne R. Ross (hereinafter "Order"), annexed to the Declaration of Melanie Speight dated October 28, 2013, (hereinafter "Speight Decl."), as Exhibit "Ex." B.) Construing the complaint liberally and in the light most favorable to plaintiff, the Court concluded that plaintiff alleged plausibly that, before issuing the summons, P.O. Freeland "violated plaintiff's right to be free from unconstitutional seizures by stopping plaintiff, without

reasonable suspicion, while plaintiff was operating a motor vehicle," and, accordingly, allowed that single claim to proceed. (Ex. B, Order.) P.O. Freeland now moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint because plaintiff's sole claim is time-barred. Notwithstanding this fatal deficiency, P.O. Freeland is also entitled to qualified immunity.

### STATEMENT OF FACTS

This case arises from P.O. Freeland's issuance of a traffic summons to plaintiff for driving while using a cell phone on February 24, 2010. Plaintiff claims that at approximately 8:36 p.m. on February 24, 2010, while stopped at a traffic light in a car that he was driving, plaintiff received a call on his cell phone. (Plaintiff's Complaint (hereinafter "Compl."), annexed to the Speight Decl. as Ex. A, at 8-9.) Plaintiff claims that his car was equipped with a Jupiter Jack hands free device, which allowed him to safely talk on the phone while driving by broadcasting his telephone calls through his car speakers, thereby obviating the need to hold one's cell phone with one's hand. (See Ex. A, Compl., at 9.) Plaintiff alleges that when his phone rang it was located in a cup holder. (Ex. A, Compl., at 9.) According to plaintiff, to answer the call he briefly lifted his phone an inch or two out of the cup holder so that he could activate its hands-free capability. (Ex. A, Compl., at 9.) Plaintiff claims that the phone call then came over his speakers. (Ex. A, Compl., at 9.) At the time, plaintiff's car windows were open. (Ex. A, Compl., at 9.) Plaintiff turned up the volume, engaged in conversation, and, when the light turned green, proceeded to drive. (Ex. A, Compl., at 9.)

Shortly thereafter, plaintiff was stopped by P.O. Freeland. (Ex. A, Compl., at 11-12.) Plaintiff acknowledges that, when he began talking on the phone at the traffic light, P.O. Freeland's vehicle was "only a few feet" away from his own. (Ex. A, Compl., at 10.) Plaintiff also acknowledges that, because he had turned up the volume on his car speakers, P.O. Freeland "and everyone else crossing the street" could hear that plaintiff "was engaged in a telephone

conversation." (Ex. A, Compl., at 10.) Plaintiff claims that, once he was pulled over, P.O. Freeland told him "I'm stopping you because you were on the phone at 41st Avenue." (Ex. A, Compl., at 13.) Although plaintiff claims that he explained to P.O. Freeland that he was talking on the phone with a hands-free device, P.O. Freeland issued plaintiff a traffic violations summons "for improper use of a cell phone." (Ex. A, Compl., at 13.)

### FED. R. CIV. P. 12(b)(6) STANDARD FOR DISMISSAL

Defendant P.O. Freeland moves to dismiss the complaint pursuant to Fed. R. Civ. P. (12)(b)(6). Under Fed. R. Civ. P. (12)(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted." Id. In order to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "The Supreme Court has held that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Ambrose v. City of New York, 623 F. Supp. 2d 454, 463 (S.D.N.Y. 2009) (internal alterations and quotation marks omitted). A motion under Fed. R. Civ. P. (12)(b)(6) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86-87 (2d Cir. 2000).

### ARGUMENT

### POINT I

**PLAINTIFF'S § 1983 CLAIMS ARE BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS.**

Plaintiff's Fourth Amendment claim against defendant P.O. Freeland is untimely and, therefore, warrants dismissal. The statute of limitations governing a civil rights action

commenced under 42 U.S.C. § 1983 is determined by the relevant state law statute of limitations applicable to personal injury torts. Wallace v. Kato, 549 U.S. 384, 387 (U.S. 2007); Owens v. Okure, 488 U.S. 235, 250 (U.S. 1989). Under New York state law, the residual statute of limitations period for a personal injury tort action is three years. N.Y. C.P.L.R. § 214. Under New York federal law, the statute of limitations for a § 1983 claim is, therefore, three years. Shomo v. City of New York, No. 07 CV 1208, 2009 U.S. App. LEXIS 23076, at *8 (2d Cir. Aug. 13, 2009); see also, Kevilly v. New York, 410 Fed. Appx. 371, 375 (2d Cir. 2010) (statute of limitations for false arrest and unlawful imprisonment claims under § 1983 is three years); Peterec v. Hilliard, No. 12-CV-3944 (CS), 2013 U.S. Dist. LEXIS 132118, at *15 (S.D.N.Y. Sept. 16, 2013) (statute of limitations for a § 1983 unlawful seizure claim is three years).[1]

The accrual date of a § 1983 claim is determined by federal law. Wallace, 549 U.S. at 388. Under federal law "the standard rule" is that a claim accrues once a plaintiff has "a complete and present cause of action." Id. The Second Circuit has explained that the three-year statute of limitations thus begins to run "when the plaintiff knows or has reason to know of the harm" on which his or her claim is based. Harper v. City of New York, 424 Fed. Appx. 36, 39 (2d Cir. 2011); Jones v. Brooklyn Hosp., No. 13-CV-3504 (RRM), 2013 U.S. Dist. LEXIS 109523, at *10 (E.D.N.Y. Aug. 5, 2013). Once the harm is or should be known, a cause of action "accrues even though the full extent of the injury is not then known or predictable." Wallace, 549 U.S. at 391.

A claim for false arrest accrues once the plaintiff becomes detained pursuant to legal process. Wallace, 549 U.S. at 397; Covington v. N.Y. City Police Dep't, No. 10-5116,

---

[1] In accordance with Local Civil Rule 7.2, copies of all cases cited herein that are exclusively published electronically are attached to the copy of this submission that has been forwarded to plaintiff.

2012 U.S. App. LEXIS 6323, at *2 (2d Cir. Mar. 27, 2012). In the context of traffic stops, a claim for unlawful seizure accordingly accrues when the stop occurs, or, when a plaintiff is issued a traffic summons. Finkelman v. New York State Police, No. 06 Civ. 8705 (JSR)(KNF), 2008 U.S. Dist. LEXIS 9952, at *7 (S.D.N.Y. Feb. 11, 2008) (claim for unlawful seizure based on an allegedly unreasonable vehicle stop accrued at the time of the stop); Peterec, 2013 U.S. Dist. LEXIS, at *15; accord DeMartino v. New York, No. 12-CV-3319, 2013 U.S. Dist. LEXIS 89188, (E.D.N.Y. June 24, 2013) (false arrest claim accrued when plaintiff was issued appearance ticket).

Plaintiff's claim against defendant P.O. Freeland arises from P.O. Freeland's stop of plaintiff's vehicle and subsequent issuance of a traffic ticket on February 24, 2010. Assuming, *arguendo*, that plaintiff could establish that P.O. Freeland stopped plaintiff unlawfully, plaintiff's claim would, nonetheless, be time-barred. Plaintiff's claim accrued on February 24, 2010, when P.O. Freeland stopped his car and issued him a traffic summons. Therefore, the three-year statute of limitations applicable to plaintiff's unlawful seizure claim expired on February 24, 2013. Plaintiff filed the complaint on June 24, 2013, four months after the statute of limitations expired. As a result, his claim is untimely and should be dismissed.

## POINT II

### P.O. FREELAND IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S UNREASONABLE SEIZURE CLAIM.

The Court determined that the complaint plausibly alleges a claim for unreasonable seizure in violation of the Fourth Amendment against P.O. Freeland based on the theory that P.O. Freeland lacked reasonable suspicion to stop plaintiff while he was operating a motor vehicle. (Ex. B, Order, at 11.) Even if an unlawful seizure claim had been timely raised,

and even if plaintiff could establish that P.O. Freeland lacked reasonable suspicion to stop his vehicle, P.O. Freeland is, nonetheless, entitled to qualified immunity. The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known . . . or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted). Officials are entitled to qualified immunity "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Moore v. Vega, 371 F.3d 110, 114-15 (2d Cir. 2004) (quoting Anderson v. Creighton, 483 U.S. 635, 638 (1987)). Accordingly, an officer who makes a vehicle stop that is deemed unlawful is entitled to qualified immunity when "a reasonable officer could well believe that it [wa]s within his discretion to make a determination" of whether a driver's conduct or a vehicle's attributes were sufficient to warrant a stop. See Flowers v. Rustand, No. 11 Civ. 1801 (BMC), 2012 U.S. Dist. LEXIS 142562, at *11-12 (E.D.N.Y. Sept. 28, 2012) (finding an officer entitled to qualified immunity where he could reasonably believe that tinted windows provided sufficient grounds to stop a vehicle.) The qualified immunity standard is a "forgiving" one; it "protects all but the plainly incompetent or those who knowingly violate the law." Messerschmidt v. Millender, 132 S. Ct. 1235, 1244 (2012) (internal citations omitted). Under the doctrine of qualified immunity, "even if an officer is mistaken, and the arrestee did not commit the crime, the officer will not be held liable if he acted reasonably." Washpon v. Parr, 561 F. Supp. 2d 394, 403 (S.D.N.Y. 2008) (citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)).

In this matter, accepting the allegations in the complaint as true and viewing the facts in the light most favorable to plaintiff, it was objectively reasonable for P.O. Freeland to believe that his stop of plaintiff's vehicle was lawful. "[T]he Fourth Amendment requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." United States v. Harrison, 606 F.3d 42, 45 (2d Cir. 2010) (citation omitted). N.Y. Veh. & Traf. Law §1225-c prohibits operating a motor vehicle on a public highway "while using a mobile telephone to engage in a call while such vehicle is in motion." N.Y. Veh. & Traf. Law §1225-c (2)(a) (2010). Admittedly, it does not prohibit engaging in a cell phone conversation by using a hands-free device. N.Y. Veh. & Traf. Law §1225-c (3)(c) (2010); Feliciano v. County of Suffolk, 419 F. Supp. 2d 302, 311 (E.D.N.Y. 2005.) Rather, "[u]sing" is defined as "holding a mobile telephone to, or in the immediate proximity of, the user's ear." N.Y. Veh. & Traf. Law §1225-c (1)(c) (2010). Under the circumstances, however, it was reasonable for P.O. Freeland to believe that plaintiff's conduct violated the law.

It is undisputed that plaintiff engaged in a telephone call while driving his vehicle. (Ex. A, Compl., at 9.) It is undisputed that plaintiff's telephone conversation was so loud that it could be heard by those in the vicinity of his vehicle, including P.O. Freeland. (Ex. A, Compl., at 10.) When P.O. Freeland approached plaintiff's car, a cell phone was visible in the cup holder right next to plaintiff. (See Ex. A., Compl., at 9.) Even assuming, *arguendo*, that P.O. Freeland did not observe plaintiff's phone "in the immediate proximity of" his ear, reasonable officers could believe, perhaps mistakenly, that plaintiff was indeed engaged in a cell phone call within the meaning of §1225-c. Accordingly, even if it was determined that P.O. Freeland's initial stop

of plaintiff violated his constitutional rights, P.O. Freeland should be entitled to qualified immunity and, consequently, the complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant P.O. Freeland respectfully requests that the Court dismiss the complaint, with prejudice, together with such costs, fees, and further relief as the Court deems just and proper.

Dated:  New York, New York
    October 28, 2013

 MICHAEL A. CARDOZO
 Corporation Counsel of the
   City of New York
 *Attorney for Defendant Freeland*
 100 Church Street, 3rd Floor
 New York, New York 10007
 (212) 356-2425

By: /s/ Melanie Speight
 MELANIE SPEIGHT
 Assistant Corporation Counsel

To: VIA FIRST CLASS MAIL
 Gerald J. Burroughs X
 Plaintiff *Pro Se*
 134-33 Blossom Avenue, Apt. 2G
 Flushing, NY 11355

8

## DECLARATION OF SERVICE

I, Melanie Speight, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on October 28, 2013, I served a copy of defendant's "NOTICE OF MOTION," the "DECLARATION OF MELANIE SPEIGHT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)," and exhibits thereto, and defendant's "MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)," and the electronically published cases cited therein, upon Gerald J. Burroughs X, plaintiff *pro se* in the matter of <u>Gerald Burroughs v. POM Freeland</u>, 13-CV-3609 (ARR) (LB), by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff at the address set forth below, being the address designated by plaintiff for that purpose:

Gerald J. Burroughs X
134-33 Blossom Avenue, Apt. 2G
Flushing, NY 11355

Dated:     New York, New York
           October 28, 2013

_____
MELANIE SPEIGHT