UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

GERALD J. BURROUGHS X,

          Plaintiff,

    -against-

SHELDON DORN, Administrative Law Judge #074, POM DMAINE R. FREELAND, Badge #941208, STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES APPEAL BOARD, NEW YORK CITY POLICE DEPARTMENT, ASSOCIATED REPORTERS INTERNATIONAL INC.,

          Defendants.

------------------------------------------------------------ X

13-CV-3609 (ARR) (LB)

<u>NOT FOR ELECTRONIC OR PRINT PUBLICATION</u>

<u>OPINION & ORDER</u>

ROSS, United States District Judge:

On June 24, 2013, plaintiff Gerald J. Burroughs X ("plaintiff"), appearing <u>pro se</u>, filed his complaint alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 1621 for a litany of violations of his constitutional rights by five defendants. In an order dated July 19, 2013, this Court dismissed all of plaintiff's claims except one, which the Court construed as a Fourth Amendment unreasonable seizure claim against POM Dmaine R. Freeland ("Freeland"). That claim relates to Freeland's alleged stop of the vehicle driven by plaintiff without probable cause and Freeland's issuance of a traffic summons to plaintiff for violation of New York State Vehicle and Traffic Law § 1225-c, which prohibits motor vehicle operators from using a cell phone handset while driving. Dkt. #4. Freeland now moves to dismiss the remaining claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) plaintiff's claim is time-barred and (2) Freeland is entitled to qualified immunity. Because plaintiff's claim is time-barred by the applicable statute of limitations, Freeland's motion to dismiss is granted.

1

The Court summarized the relevant allegations from plaintiff's complaint in its previous order and relies on the parties' familiarity with the facts instead of restating them here.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004). The Court must also construe pro se pleadings liberally, Erickson, 551 U.S. at 94, and interpret them as raising the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2008)). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only a "plausible claim for relief survives a motion to dismiss." LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 476 (2d Cir. 2009).

## DISCUSSION

### I. Statute of Limitations

Defendant Freeland first argues that plaintiff's Fourth Amendment claim must be dismissed because the applicable statute of limitations has expired. It is well established that, in civil rights actions pursuant to § 1983, federal courts apply the statute of limitations governing analogous state law claims in the state in which the federal civil rights claim accrued. Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Okure, 488 U.S. 235, 251 (1989). Accordingly, the statute of limitations for a claim pursuant to § 1983 for a Fourth Amendment violation occurring in New York is three years. See, e.g., Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) ("New

York's three-year statute of limitations for unspecified personal injury actions governs section 1983 actions in New York.") (internal citations omitted); Peterec v. Hilliard, No. 12-CV-3944 (CS), 2013 WL 5178328, at *3-*5 (S.D.N.Y. Sept. 16, 2013) (applying New York's three-year statute of limitations to § 1983 claims for, inter alia, false arrest, false imprisonment, and unlawful seizure).

Although the New York statute of limitations applies, "federal law governs the determination of the accrual date (that is, the date the statute of limitations begins to run)." Ormiston, 117 F.3d at 71. Under federal law, a civil rights action accrues at the "point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." Singleton v. City of N.Y., 632 F.2d 185, 191 (2d Cir. 1980) (quoting Kaiser v. Cahn, 510 F.2d 282, 285 (2d Cir. 1974)). In the Fourth Amendment context, an unlawful arrest claim accrues "at the time the claimant becomes detained pursuant to legal process." Wallace, 549 U.S. at 397. Where Fourth Amendment claims for false arrest or unlawful seizure have arisen in the specific context of a traffic stop, courts in this Circuit have held that the claim arises on the date of the vehicle stop when the claimant is issued a summons to appear. See Peterec, 2013 WL 5178328, at *4 (holding that false arrest claim accrued when, following traffic stop, three appearance tickets were issued to complainant and that illegal seizure claim, to the extent separate from false arrest claim, accrued on date of traffic stop); Weir v. City of N.Y., No. 05 Civ. 9268(DFE), 2008 WL 3363129, at *10 (S.D.N.Y. Aug. 11, 2008) (finding that false arrest claim accrued on date claimant was given desk appearance ticket for speeding); cf. DeMartino v. New York, No. 12-CV-3319 (SJF)(AKT), 2013 WL 3226789, at *13 (E.D.N.Y. June 24, 2013) (holding false arrest claim accrued on the date that claimant was issued a desk appearance ticket for filing a false administrative complaint).

3

Plaintiff's cause of action against Freeland accrued on February 24, 2010, the date on which Freeland stopped plaintiff's vehicle and issued the traffic summons. Plaintiff's complaint, dated June 21, 2013, was filed with the Court on June 24, 2013, which was four months after the applicable three-year statute of limitations had expired. Consequently, in the absence of "extraordinary circumstances" justifying tolling, the plaintiff's complaint is time-barred. See DeMartino, 2013 WL 3226789, at *15 (refusing to toll statute of statute of limitations where plaintiffs had "not demonstrated any extraordinary circumstances for their failure to timely file their complaint").

"[E]quitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstance[s]." A.Q.C. ex. rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (alteration in original) (internal quotation marks omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Here, plaintiff has set forth no "extraordinary circumstance" that prevented him from pursuing his § 1983 claim against Freeland.

In his affidavit in opposition to Freeland's motion, plaintiff argues that "[t]he motion should be denied because the statute of limitations has not expired against the defendant . . . due to (Tolling) within the statute of limitations and the June 22, 2011, Article 78, decision of Justice Charles J. Markey, of the New York State Supreme [sic]." Pl.'s Aff. in Opp'n to Def.'s Mot, Dkt. #13, ¶ 3. Although it is difficult to interpret the precise nature of plaintiff's intended argument, the Court construes it as an attempt to argue that the statute of limitations was tolled while plaintiff attempted to have his traffic ticket overturned in state court. As was the case in DeMartino, plaintiff appears to have been operating under the mistaken belief that he was

required to exhaust his state administrative remedies, including his Article 78 petition, prior to filing his action in this Court. Unfortunately for plaintiff here, there is no exhaustion of remedies prerequisite to filing a § 1983 claim unless Congress has provided for such, and the filing of an Article 78 proceeding does not toll the statute of limitations. DeMartino, 2013 WL 3226789, at *15. Ignorance of the law, including a mistaken belief that exhaustion of remedies is required, is not sufficient to justify equitable tolling. Id. at *16 (compiling cases).

Likewise, the application of equitable estoppel is not justified in this case. A plaintiff may invoke equitable estoppel where, despite his knowledge of his cause of action against a defendant, he delays in bringing suit because of conduct by the defendant. Id. "To invoke equitable estoppel, a plaintiff must show that: (1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his detriment." Id. (quoting Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995)). Although plaintiff alleges that Freeland made false statements about what happened on the day of the traffic stop, plaintiff nowhere alleges that Freeland made any misrepresentations on which plaintiff reasonably relied in delaying the initiation of this suit. The doctrine of equitable estoppel is, therefore, inapplicable.

Because plaintiff's claim is time-barred, the court need not consider defendant Freeland's second argument for dismissal, which is that he is entitled to qualified immunity with respect to plaintiff's claim.

## II. **Leave to Amend**

Although plaintiff has not explicitly requested leave to amend his complaint, the Court nonetheless considers whether he should be given an opportunity to replead his claims. "A court

generally should not dismiss a pro se complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Vansertima v. Dep't of Corr., No. 10 CV 3214 (RJD)(RER), 2012 WL 4503412, at *7 (E.D.N.Y. Sept. 28, 2012) (citing Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)). However, leave to amend need not be given where it is clear that amendment would be futile. E.g., Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011); Xiang Li v. Morrisville State Coll., 434 F. App'x 34, 35 (2d Cir. 2011). An amendment would be futile if, even when better pleaded, the claim would not survive a motion to dismiss. See, e.g., Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). It is clear from the foregoing discussion that allowing plaintiff to amend his complaint would be futile given that the pleadings suggest no grounds for the application of equitable tolling or estoppel.

## CONCLUSION

Because plaintiff's claim is time-barred, defendant's motion to dismiss is granted, and the action is dismissed. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

/S/ Judge Allyne R. Ross
───────────────────────
Allyne R. Ross
United States District Judge

Dated:  December 10, 2013
        Brooklyn, New York

SERVICE LIST

**Gerald J. Burroughs X**
134-33 Blossom Avenue
Apt. 2G
Flusing, NY 11355